■ ARTHUR PURO, Appellant-Respondent, v. JACOB PURO, Appellant-Respondent, and LOUIS PURO et al., Respondents-Appellants.— Judgment, Supreme Court, New York County, entered June 13, 1972, unanimously modified, on the law and on the facts, to the extent of deleting the fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth and thirteenth decretal paragraphs thereof. Except as so modified, said judgment is otherwise affirmed, without costs and without disbursements. The complaint, as supplemented, sought, inter alia, a declaration (a) that if it was determined that the stock of Purofied Down Products Corporation was owned by the five Puro brothers (or their estates) individually, then Arthur Puro and Jacob Puro have the right, pursuant to a certain shareholders' agreement dated May 1, 1951, to purchase their proportionate share of the stock of said company owned by the estates of Sam Puro and Joseph Puro; and (b) that the trust in which Louis Puro holds stock of said company for the benefit of Arthur Puro is passive and void. The trial court held that the aforesaid trust was a valid, active one; and we affirm such determination. The trial court further held that the provisions of the aforesaid shareholders' agreement were self-executing insofar as it related to the sale and purchase of a deceased shareholder's stock; and, in any event, that Jacob Puro's acceptances of the implied offers to sell the shares owned by the estates of Sam Puro and Joseph Puro were valid. We disagree with such determinations and hold that the governing provisions of said agreement were not self-executing and that Jacob Puro's purported acceptances were conditional and ineffective. Moreover, in the case of the shares owned by Sam Puro's estate, Jacob's attempted acceptance was untimely. Lastly, we note that in none of the pleadings herein was a request made that Louis Puro be required to purchase the shares held by the estates of Sam Puro and Joseph Puro or that either of said estates be compelled to sell such shares. Accordingly, the directions contained in the judgment appealed from requiring such sales and purchases, and its manner of performance, should be deleted therefrom. Concur — Stevens, P. J., Kupferman, Murphy and McNally, JJ.

■ JACOB PURO et al. v. LOUIS PURO et al.— Motion for a stay granted on the terms and conditions contained in the order of this court. Concur — Stevens, P. J., Kupferman, Murphy and McNally, JJ.