■ In the Matter of BOARD OF EDUCATION, CENTRAL SCHOOL DISTRICT, HARRISON, Respondent, v. HARRISON ASSOCIATION OF TEACHERS, Appellant.— In a proceeding pursuant to article 75 of the CPLR to vacate an award made in an arbitration proceeding between the parties, the appeal is from a judgment of the Supreme Court, Westchester County, entered January 14, 1974, which granted the petition, vacated the award and denied appellant's cross motion to confirm the award. Judgment reversed, on the law, with $20 costs and disbursements, petition dismissed and cross motion granted. An award in arbitration may be vacated solely upon the grounds set forth in CPLR 7511 (*Matter of Wilkins,* 169 N. Y. 494; *Matter of Torano* [*MVAIC*], 19 A D 2d 356, affd. 15 N Y 2d 882). The petition asserted that the arbitrator exceeded his power (CPLR 7511, subd. [b], par. 1, cl. [iii]). Petitioner therefore had to show that the arbitrator either dealt with matters beyond the scope of what had been submitted to him or that he gave a completely irrational construction to the provisions of the collective bargaining agreement involved in the dispute (*Lentine* v. *Fundaro,* 29 N Y 2d 382; *Matter of National Cash Register Co.* [*Wilson*], 8 N Y 2d 377). Petitioner additionally urges that a board of education, in a collective bargaining agreement, cannot agree to a term or condition of employment explicitly and definitively prohibited by statute (*Board of Educ., Union Free School Dist. No. 3, Town of Huntington* v. *Associated Teachers of Huntington,* 30 N Y 2d 122, 129). The arbitrator was called upon to determine whether petitioner's refusal to reappoint the complainant, Ms. Marilyn Rich, as a teacher for the 1972–1973 school year violated the terms of the collective bargaining agreement and, if so, what the remedy should be. He concluded that the complainant's services had been improperly terminated and that she should be reappointed and recompensed for lost earnings. Special Term should not have vacated the award. The arbitrator acted upon a matter submitted to him under the collective bargaining agreement and his construction of the agreement was not irrational. Petitioner was not prohibited from bargaining as to notice of termination and tenure by any explicit and definite statutory provision (cf. *Matter of Weinbrown* v. *Board of Educ., Union Free School Dist. No. 15, Town of Hempstead,* 28 N Y 2d 474) and an award may not be set aside because the arbitrator allegedly made errors of law or fact in his determination (*Matter of Associated Teachers of Huntington* v. *Board of Educ., Union Free School Dist. No. 3, Town of Huntington,* 33 N Y 2d 229; *Matter of Torano* [*MVAIC*], 19 A D 2d 356, affd. 15 N Y 2d 882, *supra*). Accordingly, the judgment should be reversed, the petition dismissed and the award of the arbitrator confirmed. Gulotta, P. J., Hopkins, Shapiro, Cohalan and Munder, JJ., concur.