■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD DAVID, Appellant.— Motion for reargument granted and, upon reargument, the decision of this court [44 A D 2d 548] affirming the judgment of the Supreme Court, New York County, rendered on August 29, 1972, is adhered to. Concur — Kupferman, J. P., Murphy, Capozzoli and Moore, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH P. SCHORK, Appellant.— Motion by defendant-appellant to reverse a judgment of the Supreme Court, New York County, rendered June 25, 1970, denied without prejudice to renewal thereof on proper papers. The defendant had pleaded guilty to the crimes of assault in the third degree and possession of a weapon and sentenced to a one-year term of imprisonment on each count, which sentences were to run concurrently. The defendant is presently released on bail pending determination of the appeal. While apparently the court reporter involved cannot be located, there has been no showing that the minutes sought are unavailable or have been destroyed (cf. *People* v. *Himmel,* 10 A D 2d 622); nor has the possibility of reconstructing the necessary records been explored (cf. *People* v. *Boulware,* 29 N Y 2d 135, 140; *People* v. *Whitfield,* 35 A D 2d 918). Concur — Markewich, J, P., Murphy, Lupiano, Tilzer and Lane, JJ.

■ ARTHUR PURO, Appellant, v. LOUIS PURO et al., Respondents.— Order, Supreme Court, New York County, entered on March 24, 1971, unanimously affirmed, on opinion of ASCH, J., and that the respondents filing briefs shall recover of the appellant one bill of $60 costs and disbursements of this appeal. No opinion. Concur — Kupferman, J. P., Lupiano, Steuer, Capozzoli and Lane, JJ.

### (November 14, 1974)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD KYLES, Appellant.— Judgment, Supreme Court, Bronx County, rendered on December 20, 1972, insofar as it imposes sentence, unanimously reversed, on the law, and the case remanded to the Criminal Term of the Supreme Court, Bronx County, for resentencing, and otherwise affirmed. The record indicates that at the time of sentencing, the court failed to comply with the mandatory provisions of CPL 380.50 in not affording defendant the right to make a statement personally in his own behalf and in not inquiring of defendant whether he wished to make such a statement. Failure to comply with the mandates of the statute constitutes error necessitating a reversal and a remand for resentencing (*People* v. *Lotz,* 42 A D 2d 900; *People* v. *Williams,* 42 A D 2d 931; *People* v. *Rojas,* 42 A D 2d 945; and cases cited therein). Concur — McGivern, P. J., Nunez, Kupferman, Murphy and Tilzer, JJ.