■   ARTHUR PURO, Appellant, v LOUIS PURO et al., Respondents.—Order, Supreme Court, New York County, entered February 7, 1975, *inter alia,* denying plaintiff's motion for partial summary judgment and granting the cross motion of defendants Mildred Puro et al., as executors of Joseph Puro, deceased, dismissing the fourth cause of action as against them and the judgment of said court entered thereon on February 14, 1975, unanimously affirmed, for the reasons stated by the learned Justice below in his republished opinion. (See, also, *Puro v Puro,* 40 AD2d 784, mod 33 NY2d 802.) Respondents shall recover of appellant $60 costs and disbursements of these appeals. Concur—Stevens, P. J., Kupferman, Murphy, Lupiano and Capozzoli, JJ.

■   CHRISALI FABRICS, INC., Respondent, v DYNASTY OF HONG KONG, LTD., et al., Appellants.—Judgment, Supreme Court, New York County, entered July 21, 1975, unanimously affirmed, and the stay of execution thereof vacated. Petitioner-respondent shall recover of respondents-appellants $60 costs and disbursements of this appeal. The proceeding is brought to confirm an award at arbitration. Special Term, denying respondents-appellants' motion to vacate the award, granted petitioner-respondent's motion to confirm, and judgment was entered accordingly. No ground listed in CPLR 7511 (subd [c]) for vacatur has been established. Respondents-appellants' opposition to the award is based primarily upon a claim that sanction is given thereby to the practice of commercial bribery alleged to have been practiced by petitioner-respondent. The tribunal did not sustain the defense of fraud based on commercial bribery but did credit respondents-appellants with payment toward the purchase price sought to be recovered of a sum equal to payments made by petitioner-respondent to a company owned by employees of respondents-appellants. Petitioner-respondent's position was that, far from having made corrupt payments to dishonest employees of respondents-appellants, it paid the moneys in good faith without knowledge of the ownership of the payee company by employees of its customer. The tribunal had a right so to find, and, no misconduct on its part having been established, the award is unassailable. (See *Matter of Board of Education, Cent. School Dist., Harrison v Harrison Assn. of Teachers,* 46 AD2d 674.) The award is not "so divorced from rationality that it can be accounted for only by one of the kinds of misbehavior recited in the statute." *(Matter of S & W Fine Foods [Office Employees Intl. Union, Local 153, AFL-C10],* 8 AD2d 130, 132.) Concur—Markewich, J. P., Tilzer, Capozzoli, Lane and Nunez, JJ.