JACOB PURO, Appellant-Respondent, v TRAVELERS '72 COMPANY et al., Defendants, and ARTHUR PURO, Respondent-Appellant.—In an action *inter alia* for an accounting (1) plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated April 16, 1975, as (a) upon granting the branch of his motion which was for summary judgment with respect to the complaint, ordered that entry of judgment thereon be stayed pending the trial of the counterclaims raised in the answer of defendant Puro, (b) denied the branch of his motion which was for summary judgment as to, and dismissal of, said counterclaims and (c) denied the branch of his motion which was to compel payment into court of certain sums pending determination of the action; and (2) defendant Arthur Puro (a) cross-appeals from so much of the same order as granted plaintiff summary judgment (decretal paragraphs 1, 2, 3 and 4) and (b) appeals from so much of a further order of the same court, dated June 16, 1975, as granted plaintiff's motion to renew a portion of his above-mentioned motion and, upon renewal, directed that defendants Travelers '72 Company and Travelers La Guardia Hotel, Inc., pay into court, subject to further order, any distributions accruing to defendant Arthur Puro after the date of entry of the order (of June 16, 1975) as a result of his ownership of stock or a partnership interest in said two "Travelers" defendants. Order dated April 16, 1975 modified, on the law, by inserting in the sixth decretal paragraph, immediately after the word "denied", the following: "as to the third, fourth, fifth and sixth counterclaims in the answer of defendant Arthur Puro and granted as to the first and second counterclaims." As so modified, order affirmed insofar

as appealed from, without costs. Order dated June 16, 1975 affirmed insofar as appealed from, without costs. The counterclaims interposed by defendant Arthur Puro in his answer arise out of several business agreements entered into by him and his brother, the plaintiff. The first counterclaim is based upon a written agreement dated May 19, 1971, whereby plaintiff agreed to vote his stock in a family corporation, Purofied Down Products Corporation (Purofied), so as to elect defendant, Arthur Puro, an officer and director thereof. This defendant contends that as a result of plaintiff's failure to so vote, he has been damaged in the amount of $260,000. However, binding determinations in subsequent litigation between plaintiff and Arthur Puro and between Arthur and another brother, Louis Puro, who held 12½% of the stock of Purofied in trust for his younger brother Arthur, indicate that Arthur could not have been elected regardless of what plaintiff did or did not do (see *Puro v Puro,* 75 Misc 2d 950, mod 40 AD2d 784, mod 33 NY2d 802; see, also, the decision of Mr. Justice Asch in *Matter of Puro,* NYLJ, Dec 19, 1974, p 14, col 6, denying the application of Arthur Puro to remove Louis Puro as trustee of the above-mentioned 12½% of the stock of Purofied). Consequently, the first counterclaim must be dismissed. The second counterclaim is based on a written agreement dated March 1, 1956, whereby Arthur Puro was entitled to participate in the management of a certain partnership business and to share in the profits thereof. It is alleged therein that, as a result of plaintiff's breach of that agreement, Arthur Puro was precluded from participating in and sharing in the profits of that partnership business and that he is entitled to an accounting. However, the record on this appeal indicates that the issues raised by this counterclaim have been fully litigated in the Supreme Court, New York County *(Puro v Puro,* Index No. 10084/1967). In a decision in that case dated February 14, 1974 the court ordered an accounting "for whatever was done by whatever entity was created pursuant thereto" [the 1956 partnership agreement]. In the order entered on that decision on March 21, 1974, the court directed an accounting on this matter before a referee and that order was affirmed by the Appellate Division, First Department *(Puro v Puro,* 46 AD2d 757). (Plaintiff notes that at the time he made the motion at bar for summary judgment, the accounting proceedings ordered by the Supreme Court, New York County, were in progress.) Consequently, the second counterclaim must be dismissed (CPLR 3211, subd [a], par 4). Rabin, Acting P. J., Hopkins, Martuscello, Brennan and Munder, JJ., concur.