█ In the Matter of the BOARD OF EDUCATION OF GREENBURGH CENTRAL SCHOOL DISTRICT No. 7, Respondent, v GREENBURGH TEACHERS' FEDERATION, LOCAL 1788 OF THE AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from an order of the Supreme Court, Westchester County, entered July 31, 1975, which granted the application. Order affirmed, without costs or disbursements. Appellant's complaint is not a "grievance" as that word is defined in the collective bargaining agreement. It is therefore not subject to arbitration. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Titone, JJ., concur.

█ In the Matter of BOARD OF EDUCATION, GREENBURGH CENTRAL SCHOOL DISTRICT No. 7, Respondent, v GREENBURGH TEACHERS' FEDERATION, LOCAL 1788 OF THE AMERICAN FEDERATION OF TEACHERS, AFL-CIO, Appellant.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award, in which appellant cross-moved to confirm the award, the appeal is from an order of the Supreme Court, Westchester County, entered November 6, 1975, which (1) granted petitioner's application, (2) vacated the award and (3) denied the cross motion. Order reversed, on the law, with $50 costs and disbursements, petition dismissed on the merits, and cross motion granted. No questions of fact were presented on this appeal. The collective bargaining agreement between the parties, covering the period of July 1, 1973 through June 30, 1976, contains a provision with regard to class size. In the fall of 1974, appellant filed a grievance alleging that the sizes of the science and physical education classes at the high school level were excessive. The matter subsequently proceeded to arbitration and, on June 4, 1975, the arbitrator rendered an award in appellant's favor, which consisted of (1) a declaration that petitioner had violated the agreement's class size provision with respect to physical education classes for the 1974 school year and (2) a direction that it cease and desist from further violations. Special Term vacated the award, upon the board's petition, and denied appellant's cross motion to confirm. It was of the view that the award violated public policy, as embodied in *Matter of West Irondequoit Teachers Assn. v Helsby* (35 NY2d 46), which prohibited the board from delegating its responsibility regarding class size and prohibited the arbitrator from directing the board to adhere to contractual obligations in respect thereto. We disagree. As reaffirmed by the Court of Appeals in *Matter of Susquehanna Val. Cent. School Dist. of Conklin (Susquehanna Val. Teachers Assn.)* (37 NY2d 614), the *Irondequoit* case *(supra)* governs only the area of a *compulsion* to bargain collectively. In other words, a board may not be compelled to negotiate as to the issue of class size, but there is certainly no bar to voluntary negotiations thereon if the board is so inclined. Having voluntarily agreed to the inclusion of a class size provision in its agreement, the board was also, therefore, free to agree to submit disputes about class size to arbitration. This is so because the freedom to arbitrate is restricted only by "plain and clear * * * prohibitions in the statute or decisional law" (see *Syracuse Teachers Assn. v Board of Educ., Syracuse City School Dist.,* 35 NY2d 743, 744) or public policy, and not by whether the disputed item is subject to mandatory bargaining *(Susquehanna Val. Cent. School Dist. at*

*Conklin [Susquehanna Val. Teachers Assn.], supra).* Hence, the instant arbitration award does not violate public policy. Nor is the award subject to vacatur on the ground that the arbitrator exceeded his power (see CPLR 7511, subd [b], par 1, cl [iii]). His construction of the class size provision was certainly not "completely irrational" (see *Matter of Board of Educ. Cent. School Dist., Harrison v Harrison Assn. of Teachers,* 46 AD2d 674). Accordingly, the order should be reversed, the petition dismissed and the award of the arbitrator confirmed. Martuscello, Acting P. J., Cohalan, Damiani and Titone, JJ., concur; Latham, J., dissents and votes to affirm on the opinion of Mr. Justice Gagliardi at Special Term.