In the Matter of the Arbitration between S & W FINE FOODS, INC., Respondent, and OFFICE EMPLOYEES INTERNATIONAL UNION, LOCAL 153, AFL–CIO, Appellant.

First Department, May 21, 1959.

*Walter M. Colleran* for appellant.

*Murray E. Harston* for respondent.

*Per Curiam.* Special Term set aside an arbitration award rendered under a labor-management collective bargaining agreement. In doing so it accepted the argument of the employer that the arbitrator's award rested on a " perverse misconstruction " of the testimonial and documentary proof submitted on the arbitration hearing.

Involved in the arbitration was the interpretation of the clause in the collective agreement allowing to employees specified holidays with pay. The union demanded such pay for holidays for nonworking days, such as Saturday, even though the holiday was not celebrated on any following Monday. The employer submitted proof of prior negotiations and draft contracts which showed that the employer had successfully excluded from the final draft an express provision to that effect. The award, nevertheless, allowed such payment, in an extended opinion on the construction of contractual documents.

The statute (Civ. Prac. Act, § 1462) prescribes the bases on which an award may be vacated and none of them empowers the court to review the determination, as such, of the arbitrator. Indeed, once referred to him, all questions of fact and of law are within the judicially unreviewable purview of the arbitrator (*Matter of Wilkins,* 169 N. Y. 494; *Matter of Weiner Co.* [*Freund Co.*], 2 A D 2d 341, 343, affd. 3 N Y 2d 806; *Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], 285 App. Div. 710, 714, affd. 309 N. Y. 709).

True, in *Matter of Wilkins* the court referred to " perverse misconstruction " as a ground for vacating an arbitration award, but this language was preceded by the general statement (p. 496) that, " Where the merits of a controversy are

referred to an arbitrator selected by the parties, his determination, either as to the law or the facts, is final and conclusive * * *." The words " perverse misconstruction " bracketed in the disjunctive with the words " positive misconduct ", must be taken to refer to the other subdivisions of the statute which refer to misbehavior of the arbitrator in the way of evident partiality, corruption, exceeding powers, and the like (Civ. Prac. Act, § 1462, subds. 2, 3, 4; Code Civ. Pro., § 2374). If so, the perverse misconstruction must be more than an egregious error of law before it satisfies the statute; it must be one which is so divorced from rationality that it can be accounted for only by one of the kinds of misbehavior recited in the statute. In that event, the vacatur is granted not for error of law or misconstruction of documents but for misconduct under one or more of the permitted categories, which misconduct has been established. Nothing like that was established in this case. It is notable that no case since *Matter of Wilkins* has found it necessary or desirable to use " perverse misconstruction " as a ground for vacatur of arbitration awards (see, e.g., *Matter of Pine St. Realty Co. v. Controulos,* 233 App. Div. 404, 407; *Matter of Campe Corp.* [*Pacific Mills*], 275 App. Div. 634).

Accordingly, the order granting the motion to vacate the award and denying the cross motion to confirm the award, should be reversed on the law, with costs, the motion denied, and the cross motion granted.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed on the law, with costs, the motion denied, and the cross motion granted.

Settle order on notice.