■ UNITED TRANSPORTATION UNION, LOCAL No. 1908, Respondent, v

COTTRELL BUS SERVICE, Appellant.—Order unanimously reversed, with costs, and motion to confirm award granted. Memorandum: Special Term erred in vacating the award for "corruption, fraud or misconduct in procuring the award" pursuant to CPLR 7511 (subd [b], par 1, cl [i]). There is no evidence in the record of any fraudulent or improper conduct on the part of the arbitrator or counsel for the employer. Hearsay assertions made in petitioner-respondent's brief (unsupported in the record and denied in appellant's brief) as to alleged inaccurate statements made during the arbitration proceedings by appellant's counsel concerning grievants' eligibility to drive school buses under the Vehicle and Traffic Law constitute no basis for vacating the award. The parties voluntarily submitted to arbitration for decision the question of whether the respondent "terminate[d] the grievants for proper cause, or did their refusal to return to work on November 30, 1978 constitute a voluntary quit?" The arbitrator found that grievants' refusal to return to work on November 30, 1978 constituted a "voluntary quit." "Once a case is referred to arbitration, 'all questions of fact and of law are within the judicially unreviewable purview of the arbitrator'" (*Matter of Raisler Corp. [New York City Housing Auth.]*, 32 NY2d 274, 282, quoting *Matter of S & W Fine Foods [Office Employees Int. Union]*, 8 AD2d 130, 131, affd 7 NY2d 1018). (Appeal from order of Erie Supreme Court—arbitration.) Present—Simons, J. P., Hancock, Jr., Schnepp, Doerr and Witmer, JJ.