■ ELIZABETH HOKE, as President of the New York State Public Employees' Federation, AFL-CIO, et al., Appellants, v ALBERT SHANKER, as President of both the American Federation of Teachers, AFL-CIO, and the New York State United Teachers/ American Federation of Teachers, et al., Respondents. — Main, J. Appeal from a judgment of the Supreme Court at Special Term (Hughes, J.), entered January 19, 1984 in Albany County, which, *inter alia,* denied plaintiffs' motion for a preliminary injunction and granted defendants' cross motion for summary judgment dismissing the complaint.

This action involves a dispute over the affiliation agreement by which plaintiff New York State Public Employees' Federation, AFL-CIO (PEF), a union representing some 50,000 State employees, is associated with defendants American Federation of Teachers, AFL-CIO (AFT) and Service Employees' International Union, AFL-CIO (SEIU), national and international labor organizations. Plaintiffs contend that the affiliation agreement is void on the grounds that it violates public policy, was fraudulently induced and is not supported by legal consideration. Special Term rejected these contentions and upheld the validity of the affiliation agreement. We now affirm, essentially for the reasons stated in the opinion of Justice Harold J. Hughes at Special Term, but believe a few additional observations are in order.

As Special Term noted, the affiliation agreement does not violate the employees' rights to refrain from joining an organization or to be represented by any organization of their own choosing, as nothing prevents employees from resigning from PEF or even from attempting to decertify PEF and replace it. Furthermore, because the affiliation by PEF with AFT and SEIU was voluntary, PEF has not been denied its rights to set fee schedules, allocate funds or exclusively represent employees. Also, the agreement does not infringe upon any statutory mandate of the Public Employment Relations Board which would require the agreement to be deemed void. Accordingly, the affiliation agreement is not contrary to public policy.

We next address plaintiffs' claim that the affiliation agreement should be held invalid because it was induced by fraud and misrepresentations. In this regard, we agree with Special Term's conclusion that the members of the executive board of PEF, which voted to accept the agreement, should be held to the same high standard of care and diligence in the exercise of their duties as are corporate directors (*see, Barr v Wackman,* 36 NY2d 371, 380-381). The members of an executive board of an organization such as PEF have responsibilities analogous to those of

corporate directors and they must be expected to discharge those responsibilities similarly. Thus, we concur with Special Term's assessment that it is inconceivable that the members of PEF's executive board did not independently review the affiliation agreement before voting on it even though they had the agreement for at least six months prior to the vote (*supra*). We are of the view, however, that this issue can be better decided on other grounds which do not require an assessment of the executive board's exercise of its responsibility.

Plaintiffs allege that PEF's then president, John Kraemer, had no authority to execute the agreement and, thus, could not bind PEF thereto. Furthermore, plaintiffs argue that the subsequent ratification by PEF's executive board was a sham, having been tainted by misrepresentations by Kraemer, acting as an agent of defendants, and PEF's then attorney, Arnold Proskin. Of course, fraud is a ground for rescission of a contract where one party thereto makes a material misrepresentation which induces the contract and which the other party had no means of knowing (*see,* 24 NY Jur, Fraud and Deceit, §§ 10, 20, 138, at 42-43, 55-56, 192 [1962]). In this case, there is no documentary evidence, only unsubstantiated allegations, that Kraemer was acting on defendants' behalf. Indeed, defendants have submitted affidavits to the contrary. There is no other evidence or even claim that defendants otherwise misrepresented the contents of the agreement. Furthermore, there is no allegation that PEF's then counsel Proskin was acting for defendants or at defendants' behest. In the absence of any misrepresentations by defendants or their agents with regard to the affiliation agreement, we conclude that there is no basis upon which to rescind the affiliation agreement for being fraudulently induced. Accordingly, we need not discuss Kraemer's authority to execute the affiliation agreement, which, pursuant to the ratification by PEF's executive board, cannot be invalidated as plaintiffs claim.

We also agree with Special Term that there is sufficient consideration to support the affiliation agreement. In so doing, we reject defendants' claim that certain promises made therein were merely restatements of promises previously made and, as "past consideration", cannot constitute present consideration to support the agreement (*see,* General Obligations Law § 5-1105; *Holt v Feigenbaum,* 52 NY2d 291, 300-301). Finally, we decline to address plaintiffs' contention that the affiliation agreement is ineffective because it, in essence, amends PEF's constitution without the required vote of the delegate convention. This argument is raised for the first time on appeal and, thus, should not be considered.

Judgment affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.