(January 21, 1986)

■ COMTOMARK, INC., Respondent, v SATELLITE COMMUNICATIONS NETWORK, INC., et al., Defendants, and BENJAMIN RABIN, Appellant.—Judgment of the Supreme Court, New York County (Felice Shea, J.), entered April 2, 1984 upon a jury

verdict which, *inter alia,* found defendant Benjamin Rabin personally liable for fraud and assessed damages against him on that cause in the amount of $229,725.96 plus interest, unanimously modified, on the law, with costs, to vacate that portion of the judgment rendered against defendant Rabin personally based upon fraud and to dismiss the fraud cause of action against him, and as so modified, affirmed.

Defendant Benjamin Rabin, president and principal shareholder of corporate defendants Satellite Communications Network, Inc., Pierre Cardin Automotive, Inc., and Continental Consultants Corp., contracted, along with the corporate defendants, in March 1981 for provision of cable video services provided by plaintiff. During contract negotiations Rabin made representations that he had assets worth $20 million and would see that plaintiff's bills were paid. Defendant corporations ran into financial difficulties and failed to meet their contractual obligations to plaintiff. Plaintiff sued the corporate defendants for breach of contract, and for recovery in quantum meruit, and on an account stated. Rabin was sued personally for both fraud and breach of contract and found liable to plaintiff in the same amount on each of the two theories.

In charging the jury as to the findings necessary to support a verdict against Rabin personally for fraud, Trial Term stated: "Plaintiff has to establish by the proof in this case that Benjamin Rabin personally promised to pay for the work to be done for the defendant corporations and that at the time he made the promise he did not intend to keep the promise."

The sole issue on appeal is whether Rabin was properly adjudged liable on both fraud and contract theories when the basis for the fraud cause of action is simply that Rabin made a promise which he did not intend to, and in fact did not keep.

Breach of promise sounds in contract, not fraud. A contract action may not be converted into one for fraud by the mere additional allegation that the contracting party did not intend to meet his contractual obligation. *(Cf. Margate Indus. v Samincorp, Inc.,* 582 F Supp 611, 619-620 [SDNY 1984]; *Gould v Community Health Plan,* 99 AD2d 479 [2d Dept 1984]; *Vanderburgh v Porter Sheet Metal,* 86 AD2d 688 [3d Dept 1982].) Trial Term, therefore, erred as a matter of law when it charged that Rabin's liability for fraud could be established by proof showing simply that he did not intend to keep the promise made to plaintiff.

We note that New York law permits a cause of action for

fraudulent inducement to contract upon a showing that factual misrepresentations, apart from a false promise to perform under the contract, were made and justifiably relied on by a contracting party to its detriment. *(See, e.g., Hoke v Shanker,* 108 AD2d 1065 [3d Dept 1985].) Plaintiff has, however, alleged no cause of action for fraud in the inducement, nor was there proof that plaintiff justifiably relied on misrepresentations by Rabin when it decided to contract with him and his corporations. Concur—Murphy, P. J., Kupferman, Ross, Carro and Lynch, JJ.