■ In the Matter of the Arbitration between RAND CONDELL, as President of the New York State Public Employees Federation, AFL-CIO, et al., Respondents, and ALBERT SHANKER, as President of the American Federation of Teachers, AFL-CIO, et al., Appellants. (Proceeding No. 1.) In the Matter of the Arbitration between ALBERT SHANKER, as President of the American Federation of Teachers, AFL-CIO, et al., Appellants, and RAND CONDELL, as President of the New York State Public Employees Federation, AFL-CIO, et al., Respondents. (Proceeding No. 2.)—Mikoll, J. Appeals (1) from a judgment of the Supreme Court (McDermott, J.), entered April 18, 1988 in Albany County, which granted petitioners' application pursuant to CPLR 7511 to vacate an arbitration award in proceeding No. 1, and (2) from an order of said court, entered April 12, 1988 in Albany County, which denied petitioners' application pursuant to CPLR 7510 to confirm an arbitration award in proceeding No. 2.

In September 1979, the New York State Public Employees Federation (hereinafter PEF) entered into an agreement with two international unions, the American Federation of Teachers (hereinafter AFT) and the Service Employees Interna-

tional Union (hereinafter SEIU). At some point a dispute arose between PEF and AFT over allegations that PEF had not paid the per capita dues to AFT as required by the "Affiliation Agreement" (hereinafter Agreement). In May 1985 an arbitrator ruled in favor of AFT, finding that PEF was liable, pursuant to the Agreement, for unpaid per capita dues to AFT totaling $5,245,600.36 for the period from March 1, 1983 to August 1, 1984. The arbitrator also held that PEF would be responsible for full dues in the future. The arbitrator reserved to himself the right to decide the dues owed from August 1984 to May 1985 if the parties could not agree on the calculation of the amount due. In November 1985, AFT commenced a proceeding (proceeding No. 2) to confirm the May 1985 award. In January 1986, prior to rendering any decision on AFT's application, the arbitrator required PEF to pay an additional $3,982,351.60 per capita dues for the period from August 1984 to May 1985. PEF promptly moved to vacate the January 1986 award (proceeding No. 1). Supreme Court denied AFT's application to confirm the May 1985 arbitration award on the ground that it was an interim award and, therefore, not final. In a separate decision, the court vacated the January 1986 award, holding that it was irrational and that a necessary party had not been joined, namely, SEIU.

In a prior litigation affecting the present controversy, this court held that the Agreement entered into between PEF and AFT and SEIU, requiring PEF to pay a portion of its dues and agency fees it receives from its members to AFT and SEIU, was valid and not violative of public policy *(see, Hoke v Shanker,* 108 AD2d 1065, *lv denied* 65 NY2d 605). We note, too, that neither party contends that the award on appeal was not subject to arbitration. The issues to be resolved herein, in view of Supreme Court's decision to set aside the January 1986 arbitration award, are whether (1) the arbitrator exceeded his authority, (2) his decision was irrational, and (3) SEIU was a necessary party to the proceeding.

The authority to vacate an arbitrator's award is governed by CPLR 7511. The general policy of the State is for courts to enforce arbitration awards. A court, reviewing an award, may not substitute its own interpretation of the contract for that of the arbitrator or decide the merits anew *(see, Matter of Albany County Sheriff's Local 775 [County of Albany],* 63 NY2d 654). An arbitrator's award, on the merits, is conclusive as to all issues of law except in very limited circumstances *(see,* CPLR 7511 [b]). Even where the arbitrator misinterprets the contract or commits errors of law, the arbitrator's award

stands *(see, Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Lentine v Fundaro,* 29 NY2d 382, 386). "Arbitrators may do justice * * * [and] 'may fashion the law to fit the facts before them' " *(Lentine v Fundaro, supra,* at 386, quoting *Matter of Exercycle Corp. [Maratta],* 9 NY2d 329, 336).

Supreme Court found the arbitrator's interpretation of the Agreement irrational because it failed to join SEIU as a necessary party to the arbitration and because it incorrectly interpreted the Agreement as requiring dues payment under paragraph 13 and requiring PEF to pay AFT full dues pursuant to paragraph 17. Supreme Court's decision is contrary to existing law. Absent a finding that the award is the product of fraud, partiality, or is so "divorced from rationality that it can be accounted for only by * * * misbehavior" *(see, Matter of S&W Fine Foods [Office Employees Intl. Union],* 8 AD2d 130, 132, *affd* 7 NY2d 1018) it must be affirmed. There was no such finding by Supreme Court. The court substituted its own interpretation over that of the arbitrator. This is error. We note, too, that the arbitrator's full record was not before Supreme Court, making it impossible for the court to review the rationality of the arbitrator's decision. PEF bore the burden of substantiating the propriety of setting aside the arbitrator's award. This it has failed to do.

Supreme Court's conclusion that the arbitrator's award was irrational was based on a letter from the president of SEIU, submitted subsequent to the arbitration hearing. In the letter agreement AFT and SEIU agreed on a different manner of splitting dues payment than that contained in the Agreement. In reviewing an arbitration award, a court may not rely on evidence presented after the hearing and an award is made *(Matter of Central Gen. Hosp. v Hanover Ins. Co.,* 49 NY2d 950). The Agreement provided that AFT would receive dues from members of PEF who were employed in occupations described on "List 1" while SEIU would receive payment for employees described on "List 2". The arbitrator properly awarded dues in conformity with the Agreement.

Supreme Court also found that the arbitrator erred in awarding full dues payment to AFT. The Agreement reads, in pertinent part, as follows: "17. PEF shall pay per capita to the AFT on all members within the classifications shown on List 1 as provided in the Constitution of AFT. * * * In the event that per capita payments for either or both the AFT and SEIU are less than constitutionally required by each organization, PEF shall increase the per capita to meet constitutional requirements in accordance with Exhibit A attached hereto

and made a part hereof." No exhibit A was ever created. Supreme Court therefore held that this made paragraph 17 meaningless and that the award of full payment by the arbitrator was irrational. Supreme Court's rationale is in error. As noted above, an arbitrator's award will not be vacated simply because the arbitrator's reasoning misconstrues or disregards the plain meaning of the terms in the agreement *(Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 126 AD2d 45, 48, *revd on other grounds* 70 NY2d 907). Paragraph 17 indicates that full dues were required of PEF. The arbitrator's decision requiring full payments should therefore be upheld.

We conclude, as well, that the failure to join SEIU in the proceedings is not fatal to the award. SEIU was notified of the proceeding and chose not to participate. The continuation of the proceeding in SEIU's absence is permissible under the Agreement. We note as well that there is no allegation here that PEF was damaged by the exclusion of SEIU. The arbitrator's decision to proceed was therefore rational and should be affirmed.

Judgment and order reversed, on the law, without costs, and arbitration award confirmed. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.