■ In the Matter of the Arbitration between J.M. WELLER ASSOCIATES, INC., Respondent, and CLAUDE CHARLEBOIS et al., Appellants.—Weiss, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered March 16, 1990 in Warren County, which granted petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

The parties entered into a written agreement on January 15, 1986 pursuant to which petitioner agreed to design and build two buildings for respondents on Pruyn's Island in the City of Glens Falls, Warren County. The agreement provided that all claims, disputes and other matters in question arising out of the agreement or breach thereof would be decided by arbitration. On December 15, 1986, petitioner made a written demand for arbitration because of respondents' failure to make payments alleged to be due and for additional damages. Respondents counterclaimed in the arbitration alleging defective design and construction. Following hearings, the three-member panel awarded petitioner $1,300,400.54 plus costs and expenses of $8,190.01. Supreme Court granted judgment to petitioner confirming the award and denied respondents' cross motion to vacate. This appeal ensued.

Respondents first contend that inclusion in the award of $450,000 for consequential damages was neither provided for nor within either the contract or the contemplation of the parties, and that such award was the product only of a rewriting of the contract by the arbitrators. Pursuant to rule 43 of the Construction Industry Arbitration Rules of the American Arbitration Association, applicable here, an arbitrator may grant any remedy deemed just and equitable and within the scope of the agreement. Resolution of the issue turns upon whether recovery of consequential damages which include lost future profits is covered in the contract. Respon-

dents contend that paragraph 13.1.1 of the contract provides only for recovery for payment for work executed, the contractor's fee earned to date and for "proven loss sustained upon any materials, equipment, tools, construction equipment and machinery, including reasonable profit and damages". The arguments focus on the quoted portion of the contract. Petitioner contends that the words "reasonable profit and damages" stand alone and permit recovery of whatever it can prove to be reasonable profit, whereas respondents contend that such reasonable profit and damages are limited to the specific items immediately preceding, i.e., *"proven loss* sustained upon any materials, equipment [etc.]*"* (emphasis supplied).

In essence respondents seek to have this court interpret the meaning of the prepositions and punctuation in an awkward complex sentence and to substitute this court's opinion in place of the arbitrators' conclusion. Respondents contend that the arbitrators' interpretation essentially adds to the agreement in violation of rule 43 of the Construction Industry Arbitration Rules. We disagree. Arbitrators may apply their own sense of justice to the facts and make an award reflecting the spirit rather than the letter of the agreement; moreover, an award is not in excess of the arbitrators' authority because the arbitrators ignored principles of substantive law, rules of evidence, or the apparent or plain meaning of terms in the parties' agreement in their own interpretation thereof *(Matter of Silverman [Benmor Coats],* 61 NY2d 299; *Rochester City School Dist. v Rochester Teachers Assn.,* 41 NY2d 578, 581-583; *Lentine v Fundaro,* 29 NY2d 382, 386; *see, Matter of Town of Callicoon [Civil Serv. Employees Assn.],* 70 NY2d 907). Here, respondents' objection to the award rests solely upon the interpretation of contract language which is clearly beyond the scope of judicial review absent an explicit limitation of the arbitrators' powers, not here present.

Respondents' next and final contention is that the arbitrators evidenced such partiality that the award should be vacated in its entirety. To support this argument, respondents attribute bias and prejudice against them because they had previously unsuccessfully sued petitioner in an attempt to invalidate the contract *(Charlebois v Weller Assocs.,* 72 NY2d 587). The reasons offered to support their claim of bias and prejudice lack merit. The law is clear. For vacatur, CPLR 7511 (b) (1) (i) requires that a court must find the rights of a party were prejudiced by "corruption, fraud or misconduct in procuring the award" *(see, Matter of Goldfinger v Lisker,* 68 NY2d

225, 231). Respondents have failed to offer proof of the commission of any acts demonstrating bias or partiality which would constitute such conduct *(see, Caso v Coffey,* 41 NY2d 153, 159).

Judgment affirmed, without costs. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.