■ MARK PATTERSON, INC., Respondent, v R.M. STEPHENS & Co., INC., Appellant, et al., Defendants. [647 NYS2d 760] —Order, Supreme Court, New York County (Herman Cahn, J.), entered November 14, 1995, which, insofar as appealed from as limited by defendant-appellant insurance broker's brief, denied its motion to dismiss plaintiff insured's amended complaint as against it for failure to state a cause of action, unanimously modified, on the law, to the extent of granting the motion as to the second cause of action for fraudulent inducement of plaintiff's contract of insurance with defendant Underwriters at Lloyds, and as to the fourth cause of action for breach of the covenants of good faith and fair dealing with respect to that contract, and otherwise affirmed, without costs.

The fifth cause of action sufficiently alleges common-law fraud in that defendant knew about unfavorable background information concerning a sales representative that plaintiff had interviewed; that defendant did not reveal that information to plaintiff; that, based on their longstanding business relationship, plaintiff relied on defendant's representation that the sales representative was "insurable" and hired, to its detri-

ment, a dishonest person; and that plaintiff sustained resulting injury when its jewelry disappeared while in the sales representative's possession. Whether, as defendant contends, its knowledge concerning the sales representative's insurability was not superior to plaintiff's, and even if it were, whether the conflicting information it had concerning the sales representative's alleged involvement in a prior crime relieved it of any obligation to disclose that information to plaintiff, raise questions of fact that should be addressed after issue is joined. The sixth cause of action, which is styled "BREACH OF BROKER's DUTY OF CARE" and alleges that plaintiff instructed defendant to determine if the sales representative was insurable and, if so, to obtain insurance, is viable because "[a]n insurance broker may be held liable for failing to obtain [requested] insurance coverage", including a "fail[ure] to obtain effective insurance coverage" (*Blonsky v Allstate Ins. Co.*, 128 Misc 2d 981, 982-983), and the coverage defendant obtained could not have been effective if the sales representative were not an "insurable" risk in the first place. The eighth cause of action for negligence, which alleges that defendant's inaction was the proximate cause of plaintiff's injury, is viable as an alternative theory of relief. However, the second cause of action for defendant's fraud in inducing plaintiff to buy the insurance and the fourth cause of action for defendant's breach of the covenants of good faith and fair dealing in failing to disclose material facts about the sales representative should have been dismissed, since defendant broker is not a party to the allegedly induced contract (*see, Comtomark, Inc. v Satellite Communications Network*, 116 AD2d 499, 500-501; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 304), and also because they are redundant of other causes of action alleging defendant's failure to disclose information about the sales representative. Concur—Murphy, P. J., Wallach, Kupferman, Williams and Mazzarelli, JJ.