■ MARK PATTERSON, INC., Respondent, v NIGEL J. S. BOWIE et al., Appellants, and R.M. STEPHENS & Co., INC., et al., Respondents. [654 NYS2d 769] —Order, Supreme Court, New York County (Herman Cahn, J.), entered November 14, 1995, which insofar as appealed from, denied defendant insurer's motion for summary judgment dismissing the complaint as against it and dismissing defendants-respondents' cross claims against it for implied indemnification, and, which granted plaintiff's cross motion for leave to serve an amended complaint as against the

insurer for fraud in the inducement and breach of the covenant of good faith and fair dealing, unanimously reversed, on the law, without costs, to grant the insurer's motion for summary judgment dismissing the first and third causes of action in the amended complaint, and the cross claims, and to deny plaintiff's cross motion. The Clerk is directed to enter judgment accordingly.

The first cause of action in the amended complaint, which alleged that defendant, Underwriters, fraudulently induced plaintiff to procure its insurance by concealing and misrepresenting facts concerning the continued police investigation into a covered employee's prior loss, should have been dismissed. There is no evidence in the record that defendant, Stephens, was acting as Underwriters' agent in negotiating the terms of the procurement of insurance (*see, Incorporated Vil. of Pleasantville v Calvert Ins. Co.*, 204 AD2d 689). Although we found that Stephens' failure to disclose relevant information regarding the criminal activities of the covered employee to support a cause of action against the insurance broker for fraud (*Mark Patterson, Inc. v Stephens & Co.*, 232 AD2d 178), we find no basis for imputing Stephens' knowledge to the insurer, or for extending to Underwriters a duty to disclose information independently obtained (*see, Rochester Radiology Assocs. v Aetna Life Ins. Co.*, 616 F Supp 985, 988 [WD NY] [applying New York law]; *Uhlman v New York Life Ins. Co.*, 109 NY 421).

Furthermore, plaintiff alleges detrimental reliance upon the defendant insurer's failure to disclose its knowledge of the covered employee's involvement in a prior loss, but the justification for such reliance is negated by the fact that plaintiff had independent access to this information. The employee notified plaintiff that he had previously been robbed, and he gave plaintiff the name of his prior employer (*see, Comtomark, Inc. v Satellite Communications Network*, 116 AD2d 499, 501). Given plaintiff's access to information, the explicit terms of the negotiated contract should be enforced. Recovery for a loss of jewelry left in an unattended vehicle was expressly and unambiguously excluded from coverage under the subject policy, an exclusion that the parties agree is common in the industry.

We agree with the IAS Court that plaintiff's contractual claim is precluded by paragraph 5 (I) of the negotiated agreement. The alternative contractual claim premised on an implied, reciprocal duty on the part of an insurer to disclose material information that might cause a prospective insured to

forgo insurance by keeping clear of the risk was properly dismissed as repetitive of the cause of action for breach of the covenant of good faith and fair dealing.

In any event, although the duty of good faith and fair dealing between the parties to a contract is well recognized in this State (see, *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318), this duty will not be expanded to a point of conflict with the express terms of the bargained-for exchange, and "equitable considerations will not allow an extension of coverage beyond [the agreement's] fair intent and meaning in order to obviate objections which might have been foreseen and guarded against" (*Caporino v Travelers Ins. Co.*, 62 NY2d 234, 239; *Breed v Insurance Co.*, 46 NY2d 351, 355).

The cross claims for implied indemnification are insufficient as a matter of law, since this remedy is not available to active tortfeasors (see, *Dormitory Auth. v Baker*, 178 AD2d 249, 250, *lv dismissed* 80 NY2d 826). We have considered respondents' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Williams, JJ.