■ In the Matter of the Arbitration between NEW YORK STATE CORRECTIONAL OFFICERS AND POLICE BENEVOLENT ASSOCIATION, INC., et al., Respondents-Appellants, and STATE OF NEW YORK et al., Appellants-Respondents. [788 NYS2d 195]—

Mercure, J.P. Cross appeals (1) from an order of the Supreme Court (McNamara, J.), entered December 5, 2003 in Albany County, which, inter alia, partially granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award, and (2) from the judgment entered thereon.

Petitioner David Stevenson (hereinafter petitioner) was suspended from his employment as a correction officer at the Watertown Correctional Facility in the City of Watertown, Jefferson County, after he allegedly fell asleep while on duty and while in possession of a firearm and ammunition. Pursuant to the parties' collective bargaining agreement (hereinafter CBA), a hearing was held on petitioner's disciplinary grievance and an arbitrator found that petitioner was suffering from mental strain due to harassment at work. The arbitrator granted petitioner paid administrative leave until cleared to return to work by his psychiatrist.

Thereafter, petitioners commenced this CPLR article 75 proceeding to confirm the arbitration award and respondents cross-petitioned to vacate the award and to obtain a rehearing on the matter. Supreme Court modified the award by deleting the directive that petitioner be placed on administrative leave but concluded that the award implicitly provided for reinstatement with back pay and confirmed the award to that extent.

The parties cross-appeal from Supreme Court's order and the judgment entered thereon.*

We agree with Supreme Court that the arbitrator exceeded his authority under the parties' CBA by awarding petitioner paid "administrative leave." As the parties acknowledge, an arbitrator has broad discretion in resolving disputes and fixing remedies and "any contractual limitation on that discretion must be 'contained, either explicitly or incorporated by reference, in the arbitration clause itself' " (*Matter of State of New York [Dept. of Correctional Servs.] [Council 82, AFSCME]*, 176 AD2d 1009, 1010 [1991], *lv denied* 79 NY2d 756 [1992], quoting *Matter of Board of Educ. of Dover Union Free School Dist. v Dover-Wingdale Teachers' Assn.*, 61 NY2d 913, 915 [1984]; *see Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [Albany Hous. Auth. Unit, Albany County Local 801] [Albany Hous. Auth.]*, 266 AD2d 676, 677 [1999]). The relevant provision of the parties' CBA, section 8.2 (h), provides:

"Disciplinary arbitrators shall confine themselves to determinations of guilt or innocence and the appropriateness of proposed penalties, taking into account mitigating and extenuating circumstances. Disciplinary arbitrators shall neither add to, subtract from nor modify the provisions of this Agreement. The disciplinary arbitrator's decision with respect to guilt or innocence, penalty, or probable cause for suspension, pursuant to [s]ection 8.4 of this Article, shall be final and binding upon the parties, and the disciplinary arbitrator may approve, disapprove or take any other appropriate action warranted under the circumstances, including, but not limited to, ordering reinstatement and back pay for all or part of the period of suspension. If the disciplinary arbitrator, upon review, finds probable cause for the suspension, he may consider such suspension in determining the penalty to be imposed."

We have held that, under nearly identical language, a disciplinary arbitrator's discretion is "expressly restrict[ed] . . . to 'determinations of guilt or innocence and the appropriateness of proposed penalties' " and, thus, a determination conferring a prospective benefit—such as unpaid personal leave for religious observance—violates an express limitation on the arbitrator's authority (*Matter of State of New York [Dept. of Correctional Servs.] [Council 82, AFSCME], supra* at 1011). Similarly here, to the extent that the arbitrator granted petitioner paid administrative leave—a benefit that is not recognized in the

---

* Respondents indicate that petitioner was reinstated effective December 3, 2003 and, thus, they have appealed only from so much of the judgment as awards back pay.

CBA—the arbitrator exceeded his authority and the determination must be vacated in that regard (*see id.* at 1011; *see also Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [Albany Hous. Auth. Unit, Albany County Local 801] [Albany Hous. Auth.], supra* at 678).

Supreme Court erred, however, in concluding that the arbitrator implicitly awarded full reinstatement with back pay. Pursuant to section 8.4 (a) (1) of the CBA, an employee may be suspended without pay prior to issuance of a notice of discipline or the exhaustion of the disciplinary grievance procedure if there is "probable cause that such employee's continued presence on the job represents a potential danger to persons or property." Here, petitioner was suspended after respondents determined that his failure to remain alert while on the job endangered the safety of himself, fellow staff, inmates and the general public. The issue of whether respondents had probable cause to suspend petitioner was presented to the arbitrator for decision and, pursuant to section 8.2 (h) of the CBA, if probable cause for the suspension was found to be lacking, the arbitrator was authorized to direct petitioner's reinstatement with back pay (*see Matter of State of New York [Dept. of Correctional Servs.] [Council 82, AFSCME], supra* at 1011). The arbitrator, however, made no finding that probable cause was lacking, instead noting that the charges were admitted by petitioner and "call[ ] for a severe penalty." Thus, the arbitrator was not permitted under the CBA to award reinstatement and back pay (*see Matter of Rodriguez v Consolidated Edison Co. of N.Y.*, 54 NY2d 902, 903 [1981]), nor did he. Indeed, in granting administrative leave until petitioner was cleared to return to work by a psychiatrist, the arbitrator made no mention of back pay and declined to permit reinstatement unless petitioner demonstrated mental fitness. Thus, we agree with respondents that Supreme Court's order and judgment, insofar as respondents have appealed from them, must be modified.

Peters, Spain and Rose, JJ., concur. Ordered that the order and judgment are modified, on the law and the facts, without costs, by reversing so much thereof as determined that the arbitration award granted petitioner back pay, and, as so modified, affirmed.