■ In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, et al., Respondents, and STATE OF NEW YORK et al., Appellants. [789 NYS2d 553]—

Mercure, J.P. Appeal from an order of the Supreme Court (McNamara, J.), entered June 4, 2004 in Albany County, which granted petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner Theresa La Vergne was employed as a communication specialist by respondent New York State Police and, in such capacity, was a member of petitioner Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO. On March 8, 2002, she was served with a notice of discipline as the result of an incident in November 2001 when, while driving to work, she used the left turning lane to pass a number of vehicles and, thereafter, used a police information network system to identify the owner of a vehicle who had followed her to complain. This conduct was in violation of provisions of the State Police Civilian Employee Manual. The parties entered into a stipulation settling the notice of discipline, which provided in pertinent part: "(a) [La Vergne] pleads guilty to the allegations set forth in the Notice of Discipline and accepts the following penalty: two (2) days suspension without pay (April 10, 2002 and April 11, 2002); returned to probationary status for six (6) months (beginning April 12, 2002 and ending October 12, 2002); and Letter of Reprimand.(b) Three (3) days suspension without pay to be held in abeyance during the six (6) month probationary period during which time any similar violation of New York State Police Rules and Regulations will result in the implementation of the three (3) days suspension without pay."

On October 4, 2002, La Vergne was involved in another incident in which she passed a vehicle in an unsafe manner. After a complaint was filed with the State Police, she again used the police information network system to identify the complainant. As a result, she was terminated from her position on October 11, 2002.

La Vergne filed a grievance challenging her termination on the ground that it was in violation of article 33 of the collective bargaining agreement. In lieu of a hearing, the parties entered into a stipulation of facts, with exhibits, and referred the matter to an arbitrator. The arbitrator denied the grievance finding that, pursuant to subsection (a) of the second paragraph of the stipulation, petitioner was on probationary status without limitation during the relevant time period and, therefore, was not covered by article 33 of the collective bargaining agreement. Petitioners then commenced this proceeding to vacate the

arbitration award. Following joinder of issue, Supreme Court vacated the award, finding that the stipulation was ambiguous and the arbitrator's interpretation erroneously rendered subsection (b) of paragraph two of the stipulation meaningless. Respondents appeal.

Initially, we note that judicial review of arbitration decisions is limited to certain statutory grounds (*see* CPLR 7511 [b]) and "an arbitrator's award 'will not be vacated even though the court concludes that his [or her] interpretation of the agreement misconstrues or disregards its plain meaning or misapplies substantive rules of law, unless it is violative of a strong public policy, or is totally irrational, or exceeds a specifically enumerated limitation' " (*Matter of Albany County Sheriff's Local 775 of Council 82, AFSCME AFL-CIO [County of Albany]*, 63 NY2d 654, 656 [1984], quoting *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [1984]; *see Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]). Here, the arbitrator found that once La Vergne was placed on probationary status pursuant to subsection (a) of paragraph two of the stipulation, she was automatically divested of her contractual rights to the disciplinary procedure set forth in article 33 of the collective bargaining agreement. The arbitrator's interpretation is consistent with the plain language of section 33.1, which states that "[t]he disciplinary procedure provided herein is not applicable to review the removal of an employee from a probationary appointment." Although subsection (b) of paragraph two of the stipulation provided for a three-day suspension for any similar violation during the probationary period, the arbitrator's conclusion that this provision did not alter La Vergne's probationary status cannot be said to render his decision totally irrational in view of the contractual ramifications of that status. It is not the function of the court to substitute its interpretation for that of the arbitrator (*see Matter of Condell [Shanker]*, 151 AD2d 798, 799 [1989], *lv dismissed and denied* 75 NY2d 896 [1990]). Accordingly, we find that Supreme Court erroneously vacated the award.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, application to vacate arbitration award denied and petition dismissed.