■ In the Matter of the Arbitration between NEW YORK STATE LAW ENFORCEMENT OFFICERS UNION, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, et al., Appellants, and STATE OF NEW YORK et al., Respondents. [824 NYS2d 800]—

Mugglin, J. Appeal from an order of the Supreme Court (Tomlinson, J.), entered September 1, 2005 in Albany County, which, inter alia, dismissed petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner Glen Looney, a corrections lieutenant employed by respondent Department of Correctional Services, filed a disciplinary grievance after having been dismissed from his employment for having sexual contact with an inmate under his supervision. Following an arbitration hearing, the arbitrator determined that the Department failed to prove beyond a reasonable doubt that the sexual encounter occurred on the date charged in the notice of discipline. In the instant proceeding, petitioners sought confirmation of the award and respondents cross-petitioned to vacate it. Supreme Court vacated the award and remanded the proceeding for a new hearing before a different arbitrator after concluding that the arbitrator had exceeded an express limitation on his power by requiring proof beyond a reasonable doubt to sustain the charge. Petitioners now appeal.

We affirm. As an initial matter, petitioners' argument that respondents' failure to object before the arbitrator regarding

the applicable burden of proof is unpersuasive. Respondents' assertion of this argument before Supreme Court sufficiently preserves the issue for our review (*see Matter of Brijmohan v State Farm Ins. Co.*, 92 NY2d 821, 822-823 [1998]; *Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 309 [1984]).

An arbitrator's award may be judicially vacated if, among other things, it exceeds a specific limitation on the arbitrator's powers (*see* CPLR 7511 [b]; *Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 15 AD3d 748, 750 [2005]). In order to find that an arbitrator has exceeded his or her powers, the limitation of power claimed to be exceeded must be contained expressly or by reference in the arbitration agreement (*see Matter of Silverman [Benmor Coats], supra* at 302). Here, article 8.2 (f) of the collective bargaining agreement provides that the arbitration process is governed by an agreement with the Public Employment Relations Board. This latter agreement provides, in part, that respondents' burden of proof in a disciplinary matter, even when the charge involves conduct which might constitute a crime if prosecuted under a criminal statute, is not " 'proof beyond a reasonable doubt.' " Notwithstanding these provisions, the arbitrator held respondents to the "beyond a reasonable doubt" standard and, by doing so, plainly exceeded his powers. These clear contractual provisions were ignored, not interpreted, by the arbitrator so Supreme Court did not substitute its interpretation of the contract for that of the arbitrator (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 327-329 [1999]). Lastly, in view of the officer's admitted sexual contact with the inmate and the other evidence in the record which serves to corroborate the encounter as alleged, it cannot be reasonably disputed that respondents were prejudiced by the arbitrator's erroneous application of this burden of proof.

Cardona, P.J., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.