■ In the Matter of the Arbitration between RICHARD KOCSIS et al., Appellants, and NEW YORK STATE DIVISION OF PAROLE et al., Respondents. [838 NYS2d 696]—

Carpinello, J. Appeal from an order of the Supreme Court (Doyle, J.), entered March 21, 2006 in Albany County, which, inter alia, denied petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

Petitioner Richard Kocsis (hereinafter petitioner) was suspended without pay from his position as a parole officer on September 15, 2004 as a result of numerous charges of misconduct. A grievance was thereafter filed and hearings conducted after which an arbitrator found him guilty of most of the charges and ruled that an appropriate penalty would be a four-month suspension without pay (i.e., from September 15, 2004 through January 15, 2005). The arbitrator thus directed that "[a]ll salary and benefits for the suspension beyond this time period shall be returned to [petitioner] except where other income from employment was received."

In the meantime, during the course of his suspension without pay, petitioner underwent surgery for a prior work-related injury and was awarded workers' compensation benefits. These benefits covered the period from December 17, 2004 (the date of his surgery) through June 20, 2005 (the date he was cleared to return to work). As a result, for the entire period that petitioner was entitled to the return of back pay under the arbitration award, he received workers' compensation benefits.

This prompted the parties to seek clarification from the arbitrator concerning the effect that the workers' compensation award had on the arbitration award. The arbitrator issued a clarification decision in which he ruled that petitioner should still receive his full pay minus the workers' compensation award. Petitioners then commenced this proceeding pursuant to CPLR article 75 to confirm the arbitration award as clarified. Respondents opposed confirmation (and alternatively sought to vacate the award) on the ground that the arbitrator exceeded his authority in awarding any sum to petitioner beyond his workers' compensation award because such an award violated the governing collective bargaining agreement. At issue is an order of Supreme Court vacating that portion of the arbitration award as directed respondents to pay petitioner back pay minus his workers' compensation benefits and remitted the matter for

a rehearing and redetermination. While vacatur of the award was proper, remittal was unwarranted. We accordingly modify Supreme Court's order to this extent.

It is well settled that an arbitration award may be vacated if it exceeds a specifically enumerated limitation on an arbitrator's power (*see* CPLR 7511 [b] [1] [iii]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]; *Matter of Board of Educ. of Arlington Cent. School Dist. v Arlington Teachers Assn.*, 78 NY2d 33, 37 [1991]). Moreover, an arbitrator exceeds his or her authority by granting a benefit not recognized under a governing collective bargaining agreement (*see Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [State of New York]*, 13 AD3d 961, 962-963 [2004]). Here, while the governing collective bargaining agreement generally grants an arbitrator the authority to order back pay during a period of suspension, it prohibits an arbitrator from adding to, subtracting from or modifying any provision of such agreement. Notably, article 13.2 of the collective bargaining agreement unequivocally provides that "[a]n employee who suffers a compensable occupational injury *shall* be placed on leave of absence *without pay* for all absences necessitated by such injury and *shall* receive the benefit provided by the Workers' Compensation Law" (emphasis added).

Accordingly, when petitioner had surgery for his work-related injury, it was mandated under the collective bargaining agreement that he be granted a leave of absence *without pay* and collect workers' compensation benefits. Thus, his surgery for a work-related injury and subsequent period of convalescence triggered a wholly independent basis upon which he was on leave without pay. This being the case, the subsequent arbitration award granting him his full salary during a time period when he received workers' compensation benefits (even though his salary was offset by such benefits) conferred a benefit on him that was not otherwise permissible under the collective bargaining agreement. In doing so, the arbitrator modified the terms of that agreement in contravention of the express limitation of his powers (*see e.g. Nassau Health Care Corp. v Civil Serv. Empls. Assn., Inc.*, 20 AD3d 401, 402 [2005]; *Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [State of New York], supra*; *Matter of Local Union 1566, Intl. Bhd. of Elec. Workers, AFL-CIO v Orange & Rockland Util.*, 126 AD2d 547, 549-550 [1987], *lv denied* 70 NY2d 603 [1987]; *see also Matter of New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [State of New*

*York]*, 34 AD3d 1161, 1162 [2006]; *Matter of State of New York [Dept. of Correctional Servs.] [Council 82, AFSCME]*, 176 AD2d 1009 [1991], *lv denied* 79 NY2d 756 [1992]). However, there is no reason to remit the matter as ordered by Supreme Court as there remains no issue for further consideration.

Lastly, we note that the issue of whether the arbitrator exceeded a limitation on his power was raised by respondents in opposition to the application for confirmation and is thus sufficiently preserved for review (*see Matter of Brijmohan v State Farm Ins. Co.*, 92 NY2d 821, 822 [1998]; *Matter of New York State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [State of New York]*, *supra* at 1161-1162). Petitioners' remaining contentions are similarly without merit.

Cardona, P.J., Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the facts, without costs, by deleting so much thereof as ordered remittal of the matter for a rehearing and redetermination, and, as so modified, affirmed.