■ In the Matter of the Arbitration between LOCAL 2841 OF NEW YORK STATE LAW ENFORCEMENT OFFICERS UNION, AFSCME, AFL-CIO, Appellant, and CITY OF ALBANY et al., Respondents. [862 NYS2d 177]—

Cardona, P.J. Appeal from a judgment of the Supreme Court (Hard, J.), entered July 9, 2007 in Albany County, which, among other things, granted respondents' cross application pursuant to CPLR 7511 to vacate an arbitration award.

In April 2006, petitioner filed a grievance on behalf of its members who were employed by respondent Albany Police Department. The grievance asserted that certain terms of the 2002-2005 collective bargaining agreement (hereinafter CBA) and a 2001 stipulation of settlement with respondent City of Albany were violated when the City denied union or legal representation to employees questioned as a witness to an event without affording them an opportunity to consult with an attorney or union representative prior to and during an interview with the Office of Professional Standards. The dispute was

submitted to arbitration and, following a hearing, the arbitrator found that the 2001 stipulation providing for employee representation had not been modified or rescinded by any writing of the parties. Furthermore, the arbitrator deemed the 2001 stipulation of settlement to be a rule of the Albany Police Department and, therefore, concluded that the City violated the terms of the CBA by not complying with that rule.

Thereafter, petitioner commenced this proceeding pursuant to CPLR 7510 to confirm the arbitrator's award. Respondents cross-petitioned to vacate the award on the ground that the arbitrator exceeded his authority, and they requested a rehearing before a new arbitrator. Supreme Court, finding that the arbitrator exceeded his authority by amending the parties' CBA, granted respondents' cross petition and this appeal ensued.

Supreme Court's judgment should be affirmed. An arbitrator's award is afforded judicial deference and will not be disturbed by a court absent those limited circumstances where the award "is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]; *see Matter of Albany County Sheriffs Local 775 of N.Y. State Law Enforcement Officers Union, Dist. Council 82, AFSCME, AFL-CIO [County of Albany]*, 27 AD3d 979, 980 [2006]). Although an arbitrator's interpretation of contract language is generally beyond the scope of judicial review (*see Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO [State of New York]*, 15 AD3d 748, 750 [2005]; *Matter of J.M. Weller Assoc. [Charlebois]*, 169 AD2d 958, 959 [1991]), where a benefit not recognized under the governing CBA is granted, the arbitrator will be deemed to have exceeded his or her authority (*see Matter of Kocsis [New York State Div. of Parole]*, 41 AD3d 1017, 1019 [2007]; *Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [State of New York]*, 13 AD3d 961, 962-963 [2004]).

Here, the 2001 stipulation of settlement was entered into by the parties in an effort to resolve various grievances filed in 1997 and 1998 under the former CBA. Specifically, that stipulation of settlement permitted union or legal representation at the request of an employee "when [being] interviewed by or in the presence of the Office of Professional Standards" and, by its terms, could not be modified or rescinded absent a subsequent writing of the parties. Thereafter, the parties negotiated and executed a new CBA for 2002-2005, which, while providing for representation in certain instances, neither incorporated the

2001 stipulation of settlement into the new contract nor otherwise specifically provided for union or legal representation when an employee is questioned as a witness in an investigation.

We note that in the arbitration hearing the parties not only contested whether the stipulation of settlement had been violated, respondents also, in fact, challenged whether that stipulation of settlement was still in effect, claiming that it had been superceded by the subsequent execution of the 2002-2005 CBA. Under the circumstances herein, the 2001 stipulation of settlement expired upon the execution of the new CBA (*see generally Matter of Board of Educ. of E. Meadow Union Free School Dist., E. Meadow, N.Y. v East Meadow Teachers Assn.*, 46 AD3d 810 [2007]; *County of Nassau v Adjunct Faculty Assn. of Nassau Community Coll.*, 100 AD2d 924 [1984], *affd* 65 NY2d 672 [1985]). Inasmuch as the 2002-2005 CBA represents the entire agreement between the parties concerning the grievance at issue, it was not proper for the arbitrator to rely on the 2001 stipulation of settlement to confer upon employees being interviewed as witnesses the benefit of representation. Accordingly, the arbitrator exceeded his power in amending the terms of the CBA by considering that stipulation of settlement in contravention of an expressed term of the CBA which prohibited amending, modifying or deleting any provision thereof (*see Matter of Kocsis [New York State Div. of Parole]*, 41 AD3d at 1019-1020; *Matter of New York State Correctional Officers & Police Benevolent Assn., Inc. [State of New York]*, 13 AD3d at 962-963; *Matter of New York City Tr. Auth. v Patrolmen's Benevolent Assn. of N.Y. City Tr. Police Dept.*, 129 AD2d 708, 708-709 [1987], *appeal dismissed* 70 NY2d 719 [1987]).

We have considered petitioner's remaining contentions and find them to be unpersuasive.

Peters, Spain, Carpinello and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.