OPINION OF THE COURT
Memorandum.
Ordered that the judgment is reversed, without costs, so much of the order dated March 31, 2009 as adhered to the court’s prior decision which, in effect, modified an arbitrator’s award by reducing the amount awarded to petitioner from the sum of $5,845.93 to the principal sum of $4,595.93 and confirmed the award as modified is vacated, and judgment is directed to be entered confirming the arbitrator’s award of $5,845.93.
Petitioner commenced this special proceeding to confirm an arbitrator’s award. Respondents failed to appear at the arbitration, and the arbitrator issued an award in favor of petitioner against respondents jointly and severally in the total sum of $5,845.93, which included attorney’s fees in the sum of $1,250. By decision dated January 29, 2009, the Civil Court, in effect, modified the award by deducting the amount awarded for attorney’s fees, on the ground that the attorney’s fees were excessive, and directed the entry of a judgment confirming the award as modified. By order dated March 31, 2009, the Civil Court, insofar as is relevant to this appeal, adhered to its prior decision. A judgment was subsequently entered awarding petitioner the principal sum of $4,595.93. Petitioner’s appeal from so much of the order dated March 31, 2009 as adhered to the prior decision is deemed to be from the judgment entered pursuant thereto (see CPLR 5520 [c]).
On appeal, petitioner contends that the Civil Court was not authorized to modify the award under the circumstances presented. We agree. CPLR 7510 states that “[t]he court shall confirm an award upon application of a party made within one year after its delivery to him, unless the award is vacated or modified upon a ground specified in section 7511.” No party moved to vacate or modify the award pursuant to CPLR 7511, and the criteria for modifying the award pursuant to CPLR 7511 (c) are not met in this case.
“Once a case is referred to arbitration, ‘all questions of fact and of law are within the judicially unreviewable purview of the *29 arbitrator’ ” (Matter of Raisler Corp. [New York City Hous. Auth.], 32 NY2d 274, 282 [1973], quoting Matter of S & W Fine Foods [Office Empls. Intl. Union, Local 153, AFL-CIO], 8 AD2d 130, 131 [1959], affd 7 NY2d 1018 [1960]). Since the Civil Court was without authority to modify the arbitrator’s award on the proffered ground (see also Davis Alarms, Inc. v Diamond Cutters, Inc., 25 Misc 3d 130[A], 2009 NY Slip Op 52120[U] [App Term, 2d, 11th & 13th Jud Dists 2009]; New York Merchants Protective Co., Inc. v Salloom Import & Export Corp., 18 Misc 3d 129[A], 2007 NY Slip Op 52458[U] [App Term, 2d & 11th Jud Dists 2007]), we reverse the judgment, vacate so much of the order as adhered to the prior decision and direct that judgment be entered confirming the arbitrator’s award of $5,845.93.
Weston, J.E, Rios and Steinhardt, JJ., concur.