■ DIAMOND & GOLOMB, P. C., Appellant, v ELINOR DIAMOND, as Executrix of AARON M. DIAMOND, Deceased, Respondent.— Order and judgment (one paper), Supreme Court, New York County (Shirley Fingerhood, J.), entered on or about September 24, 1991, which, *inter alia,* granted the defendant's motion for summary judgment on her second and third counterclaims to the extent of directing the plaintiff to redeem the late Aaron Diamond's fifty percent interest in the plaintiff for a sum to be determined by further order of the court (the "Redemption Value") which Redemption Value was to be a sum which is fifty percent of the book value of the plaintiff on March 31, 1989, calculated on the accrual basis in accordance with generally accepted accounting principles and including all accounts receivable and all other receivables, all work-in-progress, and all liabilities incurred but not paid as of that date, unanimously reversed, to the extent appealed, on the law, the defendant's motion for summary judgment on her second and third counterclaims is denied, with leave to renew upon completion of discovery, without costs.

The decedent Aaron M. Diamond, Esq., practiced law with

Irving L. Golomb, Esq., from 1953 until his death in April of 1989. In 1971, they formed the professional corporation known as Diamond & Golomb, P. C. of which each was a fifty percent shareholder. The shareholders had no written agreement specifying the method to be employed to value a shareholder's stock in the event of death, withdrawal or retirement. After Mr. Diamond died, the plaintiff offered his widow $7,494.50 to redeem his interest in the firm based on its valuation of his one-half interest. The plaintiff arrived at this figure by using the cash method of accounting, which omits accounts receivable and work-in-progress from the valuation. Mrs. Diamond rejected the plaintiff's offer.

The plaintiff then commenced this action seeking to recover a sum of money purportedly loaned to Mr. Diamond and to recover money the firm allegedly overpaid him which money was required to be contributed to the firm's pension plan. A third cause of action alleged an account stated based upon the retirement fund contention. Mrs. Diamond asserted three counterclaims and sought, *inter alia,* summary judgment dismissing the complaint and upon her second and third counterclaims, declaring that any interest in the plaintiff be computed in accordance with generally accepted accounting principles and include accounts receivable and work-in-progress as of March 31, 1989, the end of the month prior to Mr. Diamond's death. In the third counterclaim, Mrs. Diamond also sought a declaratory judgment that the valuation of her husband's shares be conducted in accordance with generally accepted accounting principles on an "accrual basis".

The Supreme Court granted the defendant's motion for summary judgment to the extent of dismissing the plaintiff's first cause of action, awarding the defendant judgment on her second and third counterclaims and directing the plaintiff to redeem Mr. Diamond's fifty percent interest in the plaintiff for a sum to be determined by further order of the court (the "Redemption Value") which Redemption Value was to be a sum which is fifty percent of the book value of the plaintiff on March 31, 1989, calculated on the accrual basis in accordance with generally accepted accounting principles and including all accounts receivable and all other receivables, all work-in-progress and all liabilities incurred but not paid as of that date. The court also ordered a detailed accounting of all of the plaintiff's assets and liabilities on an accrual basis as of March 31, 1989, including such accounts receivable and work-in-progress.

As limited by its brief on appeal, the plaintiff challenges the

award of summary judgment to the defendant on her second and third counterclaims. That portion of the Supreme Court's order directing an immediate accounting based on the accrual method is reversed, with leave to renew upon completion of discovery.

Pursuant to Business Corporation Law § 1510, in the absence of a shareholders' agreement or other documentation specifying the particular method to be employed to value the shares of a deceased shareholder, "[a] professional service corporation shall purchase or redeem the shares of a shareholder in case of his death * * * within six months after the appointment of the executor * * * at the book value of such shares as of the end of the month immediately preceding the death * * * of the shareholder as determined from the books and records of the corporation in accordance with its regular method of accounting."

Book value, as determined from the books and records of the corporation in accordance with its regular method of accounting, is the standard to be applied in determining the value of the interest of Mr. Diamond. By compelling the plaintiff to prepare an accounting at this time based on the accrual method, the Supreme Court exceeded the requirements set forth in Business Corporation Law § 1510.

Since discovery has yet to be completed, the Supreme Court erred in concluding that a cash method valuation would be contrary to law. Further discovery must be completed to determine whether a cash method valuation would produce a windfall to the surviving shareholder or an unjust hardship on the deceased's estate (see, Moroze & Sherman v Moroze, 104 AD2d 70). Concur—Murphy, P. J., Rosenberger, Kassal and Rubin, JJ.