■ In the Matter of the Arbitration between NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, Appellant, and PUBLIC EMPLOYEES FEDERATION, Respondent. [661 NYS2d 301] —Carpinello, J. Appeal from an order of the Supreme Court (Teresi, J.), entered April 25, 1996 in Albany County, which denied petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

On April 10, 1992, Stanley Valenti was suspended without pay from his position as a Tax Compliance Agent III and served with a notice of discipline charging him with six counts of offering a false instrument for filing, official misconduct, violating the Public Officers Law and unauthorized computer access. Valenti filed a disciplinary grievance and the matter proceeded to arbitration under the collective bargaining agreement between petitioner, Valenti's employer, and respondent, Valenti's union representative. Before the close of the arbitration hearings, however, Valenti died unexpectedly without having testified. The parties agreed to continue the proceedings. Since Valenti's death rendered the possibility of reinstatement to his former position moot, evidence was introduced concerning the effect the dismissal had on his estate's entitlement to death benefits.

Valenti was found guilty of eight of the nine charges. Al-

though the arbitrator concluded that dismissal was the appropriate penalty, he also found, in view of Valenti's otherwise satisfactory employment history, that it would be "unduly harsh" to fashion a penalty which would effectively preclude his estate from obtaining his death benefits. Therefore, the penalty, as modified, restored Valenti to the payroll for a single day on November 18, 1993 for the express purpose of making his estate eligible to receive death benefits and terminated him of record effective November 19, 1993. Arguing that the arbitrator exceeded his authority, petitioner moved to vacate the award, which was denied by Supreme Court prompting this appeal.

It is well settled that judicial review of an arbitration award is severely limited and may not be vacated unless "it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909). Initially, we find that by restoring Valenti to the payroll for one day, the arbitrator exercised his authority within the terms of the collective bargaining agreement which allowed him to "devise an appropriate penalty including, but not limited to, ordering reinstatement and back pay for all or part of any period of suspension". We also find that the award does not violate strong public policy.

A court may intervene in the arbitration process on this basis only when it finds that "public policy considerations, embodied in statute or decisional law, prohibit, in an absolute sense, particular matters being decided or certain relief being granted by an arbitrator" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 631). Although Valenti's estate was made *eligible* for death benefits by his restoration to the payroll, the arbitrator did not usurp the Comptroller's exclusive authority to *determine* applications for death benefits (*see*, Retirement and Social Security Law § 74 [b]). In addition, it appears that if the arbitration hearings had concluded and Valenti had died within one year of the date of his initial suspension, a finding by the arbitrator that dismissal was the appropriate penalty would not have precluded Valenti's estate from receiving death benefits (*see*, Retirement and Social Security Law § 60). As the award was not irrational under the circumstances presented, we affirm Supreme Court's order upholding it.

White, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.