In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., LOCAL 1000, AFSCME, AFL-CIO, on Behalf of ALBANY HOUSING AUTHORITY UNIT, ALBANY COUNTY LOCAL 801, Appellant, and ALBANY HOUSING AUTHORITY et al., Respondents. [698 NYS2d 79] —Mugglin, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered October 21, 1998 in Albany County, which, *inter alia,* partially denied petitioner's application pursuant to CPLR 7510 to confirm an arbitration award.

On October 31, 1997, Frank Turner, a custodian for respondent Albany Housing Authority (hereinafter respondent), was discovered in a vacant apartment smoking marihuana. Following a subsequent infraction on December 12, 1997, Turner was terminated pending a step II hearing. The decision to terminate Turner was upheld in the step II hearing. Petitioner, Turner's union, then served a demand for arbitration pursuant to the parties' collective bargaining agreement. Preliminary to the arbitration hearing, petitioner and respondent agreed to submit to the arbitrator the issues of (1) whether Turner was guilty of violating respondent's policy and procedures prohibiting entry into vacant apartments and the unlawful possession or use of marihuana, and (2) whether the penalty of termination for such violation was unreasonable or imposed in bad faith. The parties could not agree whether the arbitrator had the power to fashion a new or different penalty in the event that Turner was found guilty of the violation and, consequently, this issue was not presented to the arbitrator for decision. Nevertheless, after finding Turner guilty of the charges and the penalty to be unreasonable, the arbitrator concluded that he had the power to modify the penalty and imposed a penalty of a four-week suspension and reinstatement with back pay.

Petitioner brought this proceeding pursuant to CPLR 7510 to confirm the arbitrator's award. Respondent cross-petitioned seeking modification of the award, contending that the arbitrator exceeded his authority by deciding a matter not at issue and requesting that the proceeding be remanded to respondent for imposition of an alternative penalty.

Supreme Court confirmed the arbitrator's award insofar as it determined Turner's guilt and found that the penalty imposed was unreasonable. However, Supreme Court further determined that the arbitrator's finding that section 15.3 of the contract was ambiguous was irrational, that the section clearly imposes a limitation on the arbitrator's authority and that the arbitrator exceeded his authority by imposing a new and different penalty. Supreme Court therefore vacated that portion of the award. Petitioner appeals.

Our analysis begins with a review of some of the established principles which govern judicial review of arbitration awards. In order to foster the use of arbitration as an alternative method of settling disputes, the courts of this State have been reluctant to disturb the decisions of arbitrators in order to preserve this alternative dispute resolution method (*Matter of Goldfinger v Lisker*, 68 NY2d 225, 230). Accordingly, "judicial review of an arbitration award is severely limited and may not be vacated unless 'it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of New York State Dept. of Taxation & Fin. [Public Empls. Fedn.]*, 241 AD2d 780, 781, quoting *Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909). "Any limitation upon the remedial power of the arbitrator must be clearly contained, either explicitly or incorporated by reference, in the arbitration clause itself. * * * To infer a limitation from an ambiguous and general clause in the substantive provisions of the agreement would, in effect, require judicial interpretation of the contract and judicial interference with an arbitration award which should be avoided unless that award be violative of strong public policy, totally irrational or in excess of a specifically enumerated limitation upon arbitral authority" (*Matter of Board of Educ. v Dover-Wingdale Teachers' Assn.*, 61 NY2d 913, 915 [citations omitted]).

Next, we examine the provisions of the collective bargaining agreement which are at issue. As part of the grievance procedure, section 14.2.3 contains, *inter alia*, the following language: "The arbitrator shall have no power to make any decision which requires the commission of an act prohibited by law or which is violative to the terms of this agreement. The threshold issue to be decided by the arbitrator shall be whether the contract has been violated and, if so, what the remedy shall be. If the claimed violation of the contract involves a discretionary act by the employer, either by commission or omission, such as a decision to allow or deny leave time or to promote one employee

over another, then the specific issue to be decided by the arbitrator is whether the employer acted in bad faith or unreasonably." Article 15 of the agreement governs discipline and discharge of employees. Section 15.3 is entitled "Arbitrator's Authority" and provides as follows: "The arbitrator shall only determine if guilt or misconduct or incompetence has been proven by a preponderance of the evidence and if the penalty was imposed in bad faith or was unreasonable. On the issue of the penalty, the employee's entire record of employment may be considered."

While we do not disagree with Supreme Court's analysis of the relationship between sections 14.2.3 and 15.3, we note further that article 14 of the collective bargaining agreement governs grievances concerning alleged breaches of the agreement and remedies in the event of a breach, while article 15 governs disciplinary proceedings for alleged employee misconduct. While section 14.2.3 contains a specific authorization for an arbitrator to determine a remedy for a violation of the contract, section 15.3 contains a specific limitation of the arbitrator's authority and restricts the arbitrator to two decisions, namely, was guilt proven by a preponderance of the evidence and was the penalty imposed in bad faith or unreasonable. Clearly, remedies for a breach of the contract are within the jurisdiction of the arbitrator while the imposition of penalties for misconduct is not the subject of arbitration unless the penalty was imposed in bad faith or was unreasonable.

This analysis further supports Supreme Court's conclusion that the arbitrator's decision that section 15.3 of the agreement is ambiguous was irrational. Since section 15.3 is not ambiguous, and since it does not permit the arbitrator to impose a new or different penalty, the conclusion is clear that the arbitrator acted "in excess of a specifically enumerated limitation upon arbitral authority" (*Matter of Board of Educ. v Dover-Wingdale Teacher's Assn.*, 61 NY2d 913, 915, *supra*). The arbitrator's interpretation of the collective bargaining agreement and the agreement of the parties as to the issues to be submitted to the arbitrator conclusively establish that the arbitrator's interpretation results in a new and different contract for the parties (*see, Matter of National Cash Register Co. [Wilson]*, 8 NY2d 377, 383).

Cardona, P. J., Mikoll, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.