■ In the Matter of the Arbitration between COUNTY OF SULLIVAN, Appellant, and TEAMSTERS LOCAL 445, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Respondent. [714 NYS2d 541] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Meddaugh, J.), entered August 16, 1999 in Sullivan County, which, *inter alia*, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Respondent is the collective bargaining representative for home health aides employed by petitioner in the operation of its Division of Health and Family Services. Prior to June 1998, the aides worked 35 hours per week, Monday through Friday, between the hours of 9:00 A.M. and 5:00 P.M. As the result of a decline in the demand for home health aide services, petitioner unilaterally changed all full-time aide positions to part-time positions. In response, respondent filed a grievance claiming

violations of articles IV and XXVIII of the parties' collective bargaining agreement. After the grievance was denied by petitioner, respondent demanded arbitration. Following a hearing, the arbitrator determined that petitioner's reduction of the aides' hours violated article IV of the parties' agreement and ordered the aides be restored to full-time status with back pay. Thereafter, petitioner commenced this proceeding to vacate the arbitrator's award and respondent cross-petitioned to confirm it. Supreme Court, *inter alia*, granted the petition and vacated the award resulting in this appeal.

We are mindful that judicial review of an arbitration decision is limited and such a decision will not be disturbed unless it is "violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909; *see, Matter of Civil Serv. Empls. Assn. [Albany Hous. Auth. Unit—Albany Hous. Auth.]*, 266 AD2d 676, 677). In the instant case, Supreme Court concluded that the arbitrator erroneously applied section 408 of the agreement to the aides' positions and, therefore, his decision was irrational.

Article IV of the agreement sets forth provisions governing the work day, work week and overtime. Section 401, which defines the normal work week, states that "[e]xcept as hereinafter provided, the work week of all employees shall be five (5) days, Monday through Friday, seven (7) hours per day, thirty-five (35) hours per week [and] [t]he hours of employment shall be 9:00 A.M. to 5:00 P.M." The agreement goes on to specify a 40-hour work week for certain categories of workers, i.e., those employed by the Sullivan County Emergency Control Center (section 403 [b]) and those employed in a custodial capacity at the Sullivan County Community College (section 407). Such provisions are followed by section 408 which provides that "[n]otwithstanding anything to the contrary contained in this Article, employees who work a five (5) day[ ], forty (40) hour week, excluding time off for lunch, Monday through Friday, shall continue".

Inasmuch as the aides worked a 35-hour work week prior to petitioner's reduction of their hours, we agree with Supreme Court that section 408 relates only to employees who work 40 hours per week and cannot reasonably be interpreted as applicable to the aides' positions. There is no prohibition in article IV on petitioner's unilateral right to reduce the hours of the aides due to business necessity. Indeed, section 2502 (d) expressly vests petitioner with the authority "[t]o relieve em-

ployees from duties because of lack of work or other legitimate reason". Taking the above into consideration and applying section 2103 of the agreement which specifically prohibits modification of its provisions by arbitration, we conclude that Supreme Court properly vacated the award.

Peters, Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, with costs.