◼ In the Matter of the Arbitration between JOSEPH M. GLEASON et al., Respondents, and MICHAEL VEE, LTD., et al., Appellants. [726 NYS2d 493] —Mugglin, J. Appeal (upon remittal from the Court of Appeals) from an order of the Supreme Court (Keniry, J.), entered December 17, 1998 in Saratoga County, which, *inter alia*, granted petitioners' application pursuant to CPLR 7510 to confirm an arbitration award.

This matter is before us upon remittitur from the Court of Appeals which reversed our order dismissing the petition seeking confirmation of the arbitration award and held that CPLR 7502 (a) (iii) should be applied retroactively (96 NY2d 117). The facts surrounding the dispute and germane to the resolution of the remaining issues are reported in the prior decision of this Court (271 AD2d 736, *revd* 96 NY2d 117).

Respondents contend that the arbitrator's award must be vacated since it is irrational and made in excess of his authority. "It is well settled that judicial review of an arbitration award is severely limited and may not be vacated unless 'it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power' " (*Matter of New York State Dept. of Taxation & Fin. [Public Empls. Fedn.]*, 241 AD2d 780, 781, quoting *Matter of Town of Callicoon [Civil Serv. Empls. Assn.]*, 70 NY2d 907, 909). Respondents assert that the arbitrator was required to interpret the covenant not to compete and determine whether a breach had occurred and that his failure to address or answer these issues renders the award irrational. We disagree.

First, we observe that "an arbitrator is not bound by principles of substantive law * * *. He may do justice as he sees it, applying his own sense of law and equity to the facts as he finds them to be" (*Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 308 [citations omitted]). Second, the covenant not to compete in this case prohibits, *inter alia*, direct or indirect involvement "in any business selling or serving food and/or alcoholic beverages" or employment or participation in "any

business which is similar to the [b]usiness being sold." This language required the arbitrator to initially interpret the contract to determine what conduct the parties intended to proscribe. On this issue, he stated that respondents clearly violated the plain language of the covenant when they opened their business. His view that the covenant was ambiguous regarding whether it prohibited all restaurant activity within the designated geographic and time limits or whether it was intended to prohibit only direct competition, i.e., a restaurant with similarly priced food and services, was expressed only with respect to the issue of damages.

Likewise, we find nothing irrational regarding the award of damages. Although the arbitrator acknowledged that the evidence was weak, an arbitration award which is otherwise within the bounds of rationality may not be vacated due to errors of law or fact made by the arbitrator (*see, Matter of Allen [New York State]*, 53 NY2d 694, 696). Here, although there was a diminishment in petitioners' revenues during the months that respondents' restaurant was open, there was a lack of evidence demonstrating a correlation between the two. Nevertheless, as the arbitrator specifically stated, his finding of damages was predicated on the "overall fact pattern," which is well within the arbitrator's own sense of justice, law and equity (*see, Matter of Silverman [Benmor Coats], supra*, at 308).

Turning to the award of counsel fees made upon the application for modification, we find respondents' contention that the arbitrator exceeded his authority—since the counsel fee issue was not originally submitted to him—unpersuasive. The contract expressly required that the successful party in any arbitration proceeding recover reasonable counsel fees. Therefore, this issue was squarely presented to the arbitrator and his initial determination refusing to award the successful party counsel fees was a decision in excess of his power (*see, Matter of Recore [Chateaugay Cent. School Dist.]*, 256 AD2d 801, 802, *lv dismissed* 93 NY2d 957). Thus, the modification of the award simply represented the correction of an erroneous determination.

Cardona, P. J., Crew III and Carpinello, JJ. concur. Ordered that the order is affirmed, with costs.