■ In the Matter of the Arbitration between COUNTY OF SULLIVAN, Respondent, and TEAMSTERS LOCAL 445, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, Appellant. [741 NYS2d 595] —Spain, J. Appeal from an order of the Supreme Court (Kane, J.), entered February 20, 2001 in Sullivan County, which, inter alia, granted petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

In June 1998, due to a decline in the demand for the services of its home health aide employees (hereinafter aides), petitioner unilaterally reduced their hours of employment from full time to part time. Respondent, as the collective bargaining representative for the aides, pursued a grievance and a demand for arbitration on their behalf. While acknowledging that petitioner had the power to lay off the aides, respondent nevertheless alleged that the collective bargaining agreement (hereinafter CBA) prohibited petitioner from reducing the aides' hours of employment. In February 1999, an arbitrator issued an award, concluding that petitioner had violated the CBA and directing petitioner to restore the aides to full-time positions (hereinafter the first award). In response, petitioner abolished the full-time aide positions and immediately offered the aides part-time employment. Petitioner also commenced a proceeding to vacate the first award and respondent cross-petitioned to confirm it. Supreme Court granted the petition and vacated the award, and respondent appealed.

In the meantime, despite its previous acknowledgment of petitioner's authority to abolish the full-time positions and lay off the aides, respondent filed a second grievance challenging that very action. By decision dated May 1, 2000, a second arbitrator determined that petitioner's actions had violated the CBA but, given that the appeal in the first proceeding was pending before this Court, the arbitrator retained jurisdiction and held in abeyance the determination of a remedy pending the outcome of that appeal (hereinafter the second award). Petitioner commenced the instant proceeding to vacate the second award and respondent cross-petitioned to confirm it. Thereafter, in October 2000, finding that the CBA expressly authorizes petitioner to reduce the aides' hours due to lack of work, this Court affirmed Supreme Court's decision to vacate the first award (*Matter of County of Sullivan [Teamsters Local 445, Intl. Bhd. of Teamsters]*, 276 AD2d 861, *lv denied* 96 NY2d 703). In January 2001, Supreme Court granted the petition in this proceeding on the merits and vacated the second award. Respondent now appeals from that order.

In light of our previous determination establishing petitioner's authority under the CBA to unilaterally reduce the aides' hours and the undisputed fact that the aides were immediately rehired on a part-time basis after petitioner terminated their full-time employment, we can discern no way in which a decision on this appeal will have any impact on the rights of the parties. Thus, as none of the exceptions to the mootness doctrine applies (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715), the appeal must be dismissed (*see, Kingston Area Sanitation Serv. v City of Kingston*, 270 AD2d 541, 542).

Mercure, J.P., Peters, Carpinello and Mugglin, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.