■ In the Matter of the Arbitration between WINDSOR CENTRAL SCHOOL DISTRICT et al., Respondents, and WINDSOR TEACHERS ASSOCATION et al., Appellants. [762 NYS2d 144] —Mercure, J. Appeal from a judgment of the Supreme Court (Monserrate, J.), entered October 25, 2002 in Broome County, which granted petitioners' application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner Windsor Central School District (hereinafter the District) and respondent Windsor Teachers Association (hereinafter the Association) are parties to a collective bargaining agreement. As relevant here, section 11.3 (e) of that agreement provides that "[d]uties such as study halls, which are necessary for effective operation of the school building, will be assigned and shared in an equitable manner by all the teachers assigned to the building except where specialized assignments conflict with the duties." The Association filed grievances on behalf of two guidance counselors, alleging that they were assigned to study hall duties in violation of section 11.3 (e). Following denial of the grievances by the Windsor Middle School Principal and petitioner Superintendent of Schools, the Association demanded arbitration pursuant to the collective bargaining agreement. The arbitrator determined that the District violated the agreement, relying on the District's past practice of not placing guidance counselors in study halls.

Petitioners then commenced this CPLR article 75 proceeding seeking vacatur of the arbitration award. Supreme Court vacated the award, determining that the arbitrator exceeded his authority when he relied on the District's past practice in resolving the dispute. The Association and guidance counselors appeal, arguing that Supreme Court invaded the province of the arbitrator to resolve disputes under the parties' agreement. We agree and now reverse.

It is well settled that "[t]he role of the courts in addressing the disposition of disputes which have been submitted to binding arbitration pursuant to a collective bargaining agreement is limited" (*Matter of New York State Nurses Assn. [Mount Sinai Hosp.]*, 275 AD2d 538, 540 [2000]; *see e.g. Matter of New York City Tr. Auth. v Transport Workers Union of Am.*, 99 NY2d 1, 6-7 [2002]; *Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York*, 94 NY2d 321, 326 [1999]). A court cannot substitute its judgment for that of an arbitrator or conform the award to its sense of justice even where an arbitrator makes errors of law or fact (*see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, supra* at 326; *Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]). Moreover, where the arbitration is conducted pursuant to a broad arbitration agreement between the parties, such as that here, "the resulting award may not be vacated unless it is violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]; *see Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, supra* at 326).

Here, the only limitations on the arbitrator's power are that "[t]he arbitrator shall have no power to add to, subtract from, or change any provision of this Agreement nor to render any decision which conflicts with law." The consideration of the District's past practice in interpreting the provision "except where specialized assignments conflict with the duties" contained in section 11.3 (e) of the agreement does not violate these limitations on the arbitrator's authority. Contrary to petitioners' argument, we conclude that the arbitrator's interpretation did not amount to a change of the agreement's terms. Inasmuch as arbitrators are "not bound * * * by, absent a contrary provision in the arbitration agreement, those principles of substantive law or rules of procedure which govern the traditional litigation process" (*Matter of Sprinzen [Nomberg], supra* at 629), it cannot be said that the arbitrator exceeded his authority. Indeed, the Court of Appeals has explained that "a past practice, [even] independent of any contract term, may be relied upon by an arbitrator in resolving disputes which have been submitted under the grievance machinery of a collective bargaining agreement" (*Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva*, 92 NY2d 326, 332 [1998]). Accordingly, reversal is required here.

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, petition denied and arbitration award confirmed.