◼ SEVGI GURSEL, Respondent, v SOUTHERN WESTCHESTER UROLOGY GROUP, P.C., et al., Appellants. [793 NYS2d 775]—

In an action to compel purchase of a decedent's shares in a professional corporation pursuant to Business Corporation Law § 1510, the defendants appeal from a judgment of the Supreme Court, Westchester County (Rudolph, J.), dated November 18, 2003, which, upon an order of the same court entered November 10, 2003, granting the plaintiff's motion to confirm an arbitration award dated September 16, 2003, and denying their cross motion to vacate the award, is in favor of the plaintiff and against them in the principal sum of $1,450,000.

Ordered that the judgment is affirmed, with costs.

Contrary to the defendants' contention, the arbitrator's failure to consider only the book value of the decedent's shares in the defendant professional corporation pursuant to Business Corporation Law § 1510 did not require vacatur of the arbitrator's award. In applying Business Corporation Law § 1510, courts have considered factors such as whether an unjust hardship will be done to the decedent's estate or a windfall will accrue to the surviving shareholder (*see Moroze & Sherman v Moroze*, 221 AD2d 160 [1995]; *Diamond & Golomb v Diamond*,

189 AD2d 722 [1993]). Therefore, consideration of such factors by an arbitrator whose "award will not be vacated for errors of law and fact" (*Matter of Sprinzen [Nomberg]*, 46 NY2d 623, 629 [1979]) does not render the award "totally irrational", against public policy, or in "manifest disregard of the law" (*Matter of United Fedn. of Teachers, Local 2, AFT, AFL-CIO v Board of Educ. of City School Dist. of City of N.Y.*, 1 NY3d 72, 79 [2003]; *see Matter of Gleason [Michael Vee, Ltd.]*, 284 AD2d 666 [2001]; *Westerbeke Corp. v Daihatsu Motor Co., Ltd.*, 304 F3d 200, 208 [2002]; *cf. Matter of Loiacono v Nassau Community Coll.*, 262 AD2d 485, 486 [1999]). Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.