■ In the Matter of the Arbitration between ALBANY COUNTY SHERIFFS LOCAL 775 OF THE NEW YORK STATE LAW ENFORCEMENT OFFICERS UNION, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, Respondent, and COUNTY OF ALBANY et al., Appellants. [812 NYS2d 152]—

Spain, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 25, 2004 in Albany County, which, inter alia, granted petitioner's application pursuant to CPLR 7511 to partially vacate an arbitration award.

In this matter, petitioner represents Jeffrey Stewart, a correction officer employed by respondent County of Albany since June 1990. Stewart was injured on the job in 1998 and, as a

result, began an extended leave of absence from his duties in June 2000. In January 2002, respondents terminated Stewart's employment on the basis that he had exhausted all of his leave benefits. Following a medical clearance to return to work, Stewart successfully applied for reinstatement. Stewart's reinstatement, however, was subject to a 52-week probationary period and disregarded all of his accumulated seniority. Petitioner then filed a grievance on Stewart's behalf, asserting that, pursuant to the terms of the parties' collective bargaining agreement (hereinafter CBA), Stewart was entitled to return to work without contingencies and to retain his seniority rights.

The grievance was submitted to arbitration and the arbitrator found that Stewart was entitled to return to work at full—rather than probationary—status, but that he was not entitled to retain his seniority rights. Petitioner commenced this CPLR article 78 proceeding to vacate that portion of the arbitration award which denied Stewart his seniority rights. Respondents cross-moved to confirm the award. Supreme Court granted the petition. On respondents' appeal, we affirm.

A court may not vacate an arbitration award except in those limited situations where the award is "violative of a strong public policy, is totally irrational or clearly exceeds a specifically enumerated limitation on the arbitrator's power" (*Matter of Town of Callicoon [Civil Serv. Empls. Assn., Town of Callicoon Unit]*, 70 NY2d 907, 909 [1987]; *see* CPLR 7511 [b] [1]; *Matter of Windsor Cent. School Dist. [Windsor Teachers Assn.]*, 306 AD2d 669, 670 [2003], *lv denied* 100 NY2d 510 [2003]). Article V, section 5, paragraph (c) of the CBA provides some limitations to the arbitrator's broad power, stating that "[t]he arbitrator shall have no power to alter, add to or detract from" the CBA. Petitioner argues that, by ignoring a provision of the CBA which governs this dispute and explicitly guarantees Stewart's entitlement to his seniority rights, the arbitrator impermissibly detracted from the agreement. That provision, found in article VIII, section 8 of the CBA, provides, "An employee's seniority will continue to accrue during any period of absence brought about as a result of a service incurred disability or any other paid approved leave of absence, except as may otherwise be limited elsewhere in this [CBA]."

Petitioner concedes, however, that if "the Arbitrator rendered a decision that found that [a]rticle VIII, [s]ection 8 did not apply to the issue in dispute," then the issue would be "a matter of contract interpretation," which "is, arguably, completely immune to vacatur" (*see Matter of Silverman [Benmor Coats]*, 61 NY2d 299, 309 [1984]; *Matter of National Cash Register Co.*

*[Wilson]*, 8 NY2d 377, 383 [1960]). Although petitioner raised the argument that article VIII, section 8 controlled the dispute before the arbitrator, when addressing the issue the arbitrator did not cite section 8 but, instead, relied exclusively on the language of section 1 of article VIII, which states: "For the purposes of this Article, seniority shall be defined as the length of an employee's uninterrupted service, within the bargaining unit, in the Sheriff's Department, including sick leave, military leave not to exceed four (4) years, reinstatement within one (1) year of resignation, other approved leaves which do not exceed one (1) year and [w]orkers' [c]ompensation leave."

We are fully cognizant that courts should not set aside an arbitration award merely because it may disagree with the arbitrator's interpretation of the parties' agreement (*see Rochester City School Dist. v Rochester Teachers Assn.*, 41 NY2d 578, 582 [1977]). Indeed, where an agreement is "reasonably susceptible of the construction given it by the arbitrators," a court may not vacate the award (*Matter of National Cash Register Co. [Wilson], supra* at 383). Here, article VIII, section 8 expressly continues an employee's seniority during any period of absence caused by a work-related disability, which is precisely the scenario established by the uncontroverted facts in this matter. The language of section 1 of article VIII—upon which the arbitrator exclusively relied—also addresses seniority, but does not directly address disability related periods of absence or, importantly, contradict the express language of section 8 in any way. Given these terms, we agree with Supreme Court that the conclusion that Stewart is not entitled to retain his seniority rights is not supported by any reasonable construction of the CBA; the arbitrator's construction "in effect, made a new contract for the parties" (*id.*). Thus, we conclude that the award was properly vacated (*see Matter of County of Sullivan [Teamsters Local 445, Intl. Bhd. of Teamsters]*, 276 AD2d 861, 862-863 [2000], *lv denied* 96 NY2d 703 [2001]; *Matter of Civil Serv. Empls. Assn., Local 1000, AFSCME, AFL-CIO [Albany Hous. Auth.]*, 266 AD2d 676, 677 [1999]).

Cardona, P.J., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.