**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000322
21-FEB-2025
07:50 AM
Dkt. 43 SO

NO. CAAP-21-0000322

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

TINGUELY DEVELOPMENT, INC., a Hawaii Corporation,
Petitioner-Appellee,
v.
JAMES S. MARKIEWICZ, as Trustee of the James S.
Markiewicz Living Trust dated April 15, 1992,
JOANNE C. MARKIEWICZ, as Trustee of the Joanne C.
Markiewicz Living Trust dated February 10, 1999,
Respondents-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CSP-20-0000046)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, and Nakasone and McCullen, JJ.)

This appeal stems from a dispute concerning an arbitration award, which was issued in favor of Petitioner-Appellee Tinguely Development, Inc. (**TDI**) and against Respondents-Appellants James S. Markiewicz, as Trustee of the James S. Markiewicz Living Trust dated April 15, 1992, and Joanne C. Markiewicz, as Trustee of the Joanne C. Markiewicz Living Trust dated February 10, 1999 (together, the **Markiewiczes**). The Markiewiczes appeal from the Final Judgment, entered on April 13, 2021, by the Circuit Court of the Third Circuit (**Circuit Court**).[1] The Markiewiczes also challenge the Circuit Court's: (1) February 2, 2021 "Findings of Fact, Conclusions of Law and Order Re: (1) Granting [TDI's] Motion to Confirm Arbitration Award, and (2) Denying [the Markiewiczes'] Motion to Vacate Arbitration

_____

[1] The Honorable Robert D.S. Kim presided.

Award Dated June 26, 2020"; and (2) April 13, 2021 "Order Granting [TDI's] Non-Hearing Motion for Attorneys' Fees and Costs Filed, February 5, 2021."

On appeal, the Markiewiczes contend that the Circuit Court:  (1) erred in concluding that the Final Award[2/] does not violate public policy as expressed in Hawaii Revised Statutes (**HRS**) Chapter 444 and Hawaii Administrative Rules (**HAR**) § 16-77 by awarding amounts to an unlicensed contractor; (2) erred in concluding that the arbitrator did not exceed the scope of his authority; (3) erred in finding that the arbitrator did not refuse to consider evidence material to the parties' dispute; and (4) abused its discretion in granting TDI's February 5, 2021 motion for attorneys' fees and costs (**Fee Motion**).

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve the Markiewiczes' contentions as follows, and affirm.

(1) The Markiewiczes contend that "[t]he Circuit Court erred in failing to hold that the Final Award violated public policy by awarding amounts to an unlicensed contractor."  They argue that the award "explicitly conflicts with HRS Chapter 444[3/] by allowing TDI to recover for work done when TDI was using an unlicensed subcontractor on the project . . . ."  (Footnote added.)  They further argue that "TDI's disclosure to the

---

[2/]     The arbitrator issued the Partial Final Award of Arbitrator (**Partial Award**) on May 11, 2020, and the Final Award of Arbitrator (**Final Award**) on June 26, 2020.

[3/]     HRS § 444-9 (2013) states:

> **Licenses required.**  No person within the purview of this chapter shall act, or assume to act, or advertise, as general engineering contractor, general building contractor, or specialty contractor without a license previously obtained under and in compliance with this chapter and the rules and regulations of the contractors license board.

HRS § 444-22 (2013) states:

> **Civil action.**  The failure of any person to comply with any provision of this chapter shall prevent such person from recovering for work done, or materials or supplies furnished, or both on a contract or on the basis of the reasonable value thereof, in a civil action, if such person failed to obtain a license under this chapter prior to contracting for such work.

2

Markiewiczes failed to identify the name, address, license number, or classification of its subcontractors, in violation of HAR §§ 16-77-79 and 80,[4] as well as HRS § 444-25.5."[5]  (Footnotes added.)

"Hawaiʻi recognizes a 'limited public policy exception to the general deference given arbitration awards.'"  In re

---

[4]      HAR §§ 16-77-79 states, in relevant part:

Disclosure to homeowners.  (a) Contractors engaging in home construction or home improvements shall, prior to obtaining a binding contract from the homeowner and prior to applying for a building permit:

(1)    Disclose all information pertaining to the contract and its performance, the absence of which might mislead the homeowner to the homeowner's detriment including but not limited to the lien rights of labor, suppliers, and subcontractors[.]

HAR §§ 16-77-80 states, in relevant part:

Homeowner contracts.  (a) All contractors shall provide homeowners with a written contract involving home construction or improvements which shall provide the following:

(1)    The name, address, license number, and classification(s) of the contractor;

. . . .

(5)    The approximate percentage of work to be subcontracted and the names and license numbers of all subcontractors, if any[.]

[5]      HRS § 444-25.5 (2013) states, in relevant part:

**Disclosure; contracts.**  (a) Prior to entering into a contract with a homeowner, or at the time a homeowner signs a contract, involving home construction or improvements, licensed contractors shall:

(1)    Explain verbally in detail to the homeowner all lien rights of all parties performing under the contract, including the homeowner, the contractor, any subcontractor, or any materialman supplying commodities or labor on the project[.]

. . . .

(b) All licensed contractors performing home construction or improvements shall provide a written contract to the homeowner.  The written contract shall:

(1) Contain the information provided in subsection (a) and any other relevant information that the board may require by rule[.]

3

Hawaiʻi State Teachers' Ass'n (HSTA), 140 Hawaiʻi 381, 401, 400 P.3d 582, 601 (2017) (quoting Inlandboatmen's Union of the Pac. v. Sause Bros., 77 Hawaiʻi 187, 194, 881 P.2d 1255, 1262 (App. 1994)). The public policy exception applies "only in cases where enforcing an arbitration award or contract would involve illegality or violate public policy." Id. (citing In re Grievance Arbitration Between State Org. of Police Officers and County of Kauaʻi (SHOPO), 135 Hawaiʻi 456, 465-67, 353 P.3d 998, 1007-09 (2015)).

Hawaiʻi courts review public policy claims under the following framework:

> First, the court must determine whether there is an explicit, well defined, and dominant public policy that is ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests. Second, the court must determine whether the arbitration award itself is clearly shown to be contrary to the explicit, well-defined, and dominant public policy.

SHOPO, 135 Hawaiʻi at 465, 353 P.3d at 1007 (internal quotation marks and citations omitted; emphases added).

Even if we assume that the public policies barring recovery by unlicensed contractors and requiring certain disclosures by licensed contractors are "explicit, well-defined, and dominant public polic[ies]," id., the Markiewiczes fail to clearly show that the Final Award is contrary to these policies. In reaching the same conclusion, the Circuit Court determined:

> 42. With respect to [the Markiewiczes'] argument that the Final Award violates public policy due to [TDI's] alleged violation of HRS § 444-22 (use of an unlicensed subcontractor), there is no indication in either the Partial Award or the Final Award that this issue was presented to the Arbitrator and addressed as part of the Final Award, nor have [the Markiewiczes] argued that said issue was addressed as part of the Arbitration.
>
> 43. Neither the Partial Award nor the Final Award include a finding by the Arbitrator that an unlicensed subcontractor was used by [TDI].
>
> 44. Neither the Partial Award nor the Final Award, state that any portion of the Final Award related to amounts owed by [the Markiewiczes] for work performed by an allegedly unlicensed subcontractor.
>
> 45. Given the foregoing, there is no clear showing that the Final Award violates public policy, based upon HRS § 444-22 and therefore vacatur is not warranted.

4

46. With respect to [the Markiewiczes'] argument that the Final Award should be vacated due to an alleged failure by [TDI] to make disclosures as required under HRS § 444-25.5 and HAR § 16-77, there is no indication in either the Partial Award or the Final Award that this issue was presented to the Arbitrator and addressed as part of the Final Award, nor have [the Markiewiczes] argued that said issue was addressed as part of the Arbitration.

47. Neither the Partial Award nor the Final Award include a finding by the Arbitrator that [TDI] failed to make adequate disclosures.

48. Given the foregoing, there is no clear showing that the Final Award violates public policy, based upon HRS § 444-25.5 and HAR § 16-77 and therefore vacatur is not warranted.

COLs 42 through 44 and 46 through 47 are actually findings of fact, which the Markiewiczes do not specifically dispute, and which are supported by the record. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) (unchallenged findings of fact are binding on appeal). Crucially, the record, *including the record before the Circuit Court*, does not clearly show that any portion of the Partial Award or the Final Award to TDI was for amounts owed by the Markiewiczes for work performed by an unlicensed subcontractor. Nor does the record clearly show that the Partial Award or the Final Award violates any relevant disclosure requirement. Accordingly, the Markiewiczes have not clearly shown that the Final Award is contrary to the public policies they claim were violated. The Circuit Court did not err in so ruling.

(2) The Markiewiczes contend that "[t]he Circuit Court erred in concluding that the Arbitrator did not exceed the scope of his authority under the Contract." They argue that "[t]he Arbitrator, in rendering his decision, ignored Hawaii and Ninth Circuit case precedent," by quoting a New York case, In re Arbitration of Gleason, 726 N.Y.S.2d 493, 494 (N.Y. App. 2001), for the proposition that an arbitrator **"may do justice as he sees it**, applying his own sense of law **and equity** to the facts as he finds them to be." They further argue that "[t]he Circuit Court improperly denied the Markiewiczes' Motion to Vacate in spite of the Arbitrator's blatant disregard for the terms of the Contract, which TDI indisputedly [sic] breached in multiple ways . . . ."

5

Although "[j]udicial review of an arbitration award is confined to the 'strictest possible limits,'" HSTA, 140 Hawaiʻi at 396, 400 P.3d at 597 (quoting SHOPO, 135 Hawaiʻi at 461, 353 P.3d at 1003), an arbitration award must be vacated where "[a]n arbitrator exceeded the arbitrator's powers." HRS § 658A-23(a)(4) (2016). "In determining whether an arbitrator has exceeded his or her authority under the agreement, 'there should be no second guessing by the court of the arbitrator's interpretation of his or her authority so long as the arbitrator's interpretation 'could have rested on an interpretation and application of the agreement.'" HSTA, 140 Hawaiʻi at 396, 400 P.3d at 597 (quoting SHOPO, 135 Hawaiʻi at 463, 353 P.3d at 1005).

Here, the parties' "Construction Agreement R-1" (**Contract**) stated in relevant part:

> All claims, disputes and matters in question arising out of, or relating to, this Agreement, or the breach thereof, . . . and including claims with respect to any alleged breach of the Contractor's warranty as set forth in Article 7.10 above, shall be decided by binding arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise.

In addressing whether the arbitrator exceeded the scope of his authority under the Contract, the Circuit Court concluded:

> 27. In reviewing the Partial Award and the Final Award, the Court finds that the Arbitrator did not exceed the scope of his authority.
>
> 28. The Arbitration Clause in the Contract is very broad and does not place any limitation on the type of relief that may be awarded by an arbitrator.
>
> 29. Furthermore, the Arbitration Clause refers to the AAA Construction Industry Arbitration Rules, which specifically states that the "arbitrator may grant any remedy or relief that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including but not limited to, equitable relief and specific performance of the contract." AAA Construction Industry Arbitration Rules and Mediation Procedures at Rule 48(a).
>
> 30. Given the broad scope of the Arbitration Clause, the Arbitrator acted within the scope of his authority with respect to the relief that was awarded to TDI, including any equitable relief. See Hokama v. University of Hawaii, 92 Hawaii 268, 273-4, 990 P.2d 1150, 1156-7 (1999) (arbitrators "normally have broad discretion to fashion appropriate remedies").

6

> 31. Furthermore, the Partial Award includes references to provisions contained in the Contract, and the Court finds that the Partial Award and Final Award do not evince any manifest disregard of law by the Arbitrator.

Having reviewed the Partial Award and the Final Award, we conclude that the arbitrator's interpretation of his authority "could have rested on an interpretation and application of the [Contract]." HSTA, 140 Hawaiʻi at 396, 400 P.3d at 597. On this record, we cannot conclude that the Arbitrator exceeded the scope of his authority. The Circuit Court did not err in so ruling.

(3) The Markiewiczes contend that the Circuit Court erred "in finding that the Arbitrator did not refuse to consider evidence material to the controversy." More specifically, they argue that "[b]y denying the Markiewiczes' Motion to Compel [Production of Documents (**Motion to Compel**)], the Arbitrator prevented the Markiewiczes from presenting evidence in support of their allegations that (1) TDI had falsely billed the Markiewiczes, and (2) TDI's delays were not caused by any alleged owner interference, but by its own inability to prosecute the work." The Markiewiczes assert: "Even if the Arbitrator did not refuse to hear any evidence during the arbitration hearing, the Circuit Court should have found that by denying the Markiewiczes' Motion to Compel, he effectively barred the Markiewiczes from presenting material evidence during the same hearings."

An arbitration award must be vacated where an arbitrator "refused to consider evidence material to the controversy[.]" HRS § 658A-23(a)(3) (2016).

In addressing whether the arbitrator refused to consider evidence material to the parties' dispute, the Circuit Court concluded:

> 33. The Arbitrator admitted all exhibits into evidence during the arbitration hearing, and that the parties were allowed to call witnesses to testify, without restriction.
>
> 34. Furthermore, the Arbitrator noted in the Partial Award that he carefully examined the evidence and the written submissions of the parties.
>
> 35. Given the foregoing, there is no evidence that the Arbitrator refused to consider any evidence material to the controversy.

7

36. The Arbitrator's decision to deny [the Markiewiczes'] Motion to Compel Production of Documents, did not amount to a refusal by the Arbitrator to consider evidence material to the controversy, as the Arbitrator's ruling on the Motion to Compel Production of Documents concerned the conduct of discovery, not the conduct of the arbitration hearing. See Hyatt Franchising, L.L.C. v. Shen Zhen New World, LLC, 876 F.3d 900 (7th Cir. 2017).

37. The Arbitrator's denial of [the Markiewiczes'] Motion to Compel Production of Documents does not fall within any of the provisions contained in HRS § 658A-23, allowing vacatur.

On this record, we cannot conclude that the Arbitrator refused to consider evidence material to the parties' dispute. The Circuit Court did not err in reaching this conclusion.

(4) The Markiewiczes contend that "[t]he Circuit Court abused its discretion in awarding TDI its attorney[s'] fees and costs." They argue that "[i]n order to rule on TDI's Fee Motion, the Circuit Court should have determined (1) whether it had discretion under HRS § 658A-25(c), and (2) how to properly exercise that discretion."

"HRS § 658A-25(c) allows a court to award attorney's fees incurred in judicial proceedings to confirm an arbitration award when a motion to confirm award under HRS § 658A-22 is contested." RT Import, Inc. v. Torres, 139 Hawaiʻi 445, 451, 393 P.3d 997, 1003 (2017) (citing In re Arbitration Between United Pub. Workers, AFSCME, Local 646, AFL-CIO & City & Cnty. of Honolulu, 119 Hawaiʻi 201, 209, 194 P.3d 1163, 1171 (App. 2008)); see also HRS § 658A-25(b) (2016) (allowing for an award of reasonable costs). Such an award:

> promotes the statutory policy of finality of arbitration awards by adding a provision for recovery of reasonable attorney's fees and reasonable expenses of litigation to prevailing parties in contested judicial actions to confirm, vacate, modify or correct an award. Potential liability for the opposing parties' post-award litigation expenditures will tend to discourage all but the most meritorious challenges of arbitration awards. If a party prevails in a contested judicial proceeding over an arbitration award, Section 25(c) allows the court discretion to award attorney's fees and litigation expenses.

HSTA, 140 Hawaiʻi at 402, 400 P.3d at 603 (quoting 2000 Revised Uniform Arbitration Act § 25 cmt. n.3).

The Circuit Court concluded that the Markiewiczes' contentions challenging the arbitration award were without merit,

and we have affirmed those rulings.  Accordingly, the Circuit Court's decision to award TDI its attorneys' fees and costs pursuant to HRS § 658A-25 served the purpose of the statute.  The Circuit Court did not abuse its discretion in making this award.

For the reasons discussed above, we affirm the following, entered by the Circuit Court of the Third Circuit:

    (1)   the February 2, 2021 "Findings of Fact, Conclusions of Law and Order Re: (1) Granting Petitioner Tinguely Development, Inc.'s Motion to Confirm Arbitration Award, and (2) Denying Respondents' Motion to Vacate Arbitration Award Dated June 26, 2020";

    (2)   the April 13, 2021 "Final Judgment"; and

    (3)   the April 13, 2021 "Order Granting Petitioner Tinguely Development, Inc.'s Non-Hearing Motion for Attorneys' Fees and Costs Filed, February 5, 2021."

DATED:  Honolulu, Hawaiʻi, February 21, 2025.


On the briefs:

Ryan H. Engle and
David A. Imanaka               /s/ Clyde J. Wadsworth
(Bays Lung Rose & Voss)     Presiding Judge
for Respondents-Appellants.

Michele-Lynn E. Luke and     /s/ Karen T. Nakasone
Saori Takahashi             Associate Judge
(Kessner Umebayashi Bain &
Matsunaga)
for Petitioner-Appellee.      /s/ Sonja M.P. McCullen
                                Associate Judge