OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The order directing the parties to arbitrate in this case noted that there was a dispute as to the amount of coverage provided by the uninsured motorist policy under which appellant sought payment. The court concluded that at arbitration the “policy speaks for itself.” During arbitration, however, respondent State Farm Insurance failed to controvert appellant’s statement that the coverage in question was $100,000, and the declarations page reflecting a lower coverage limit was apparently never introduced before the arbitrator. The arbitrator awarded $75,000 to appellant, who then brought this proceeding to confirm the award. Respondent objected at confirmation that the policy only covered losses up to $10,000.
A limitation on the arbitrator’s power “will not be waived if the party relying on it asserts it at Special Term in opposition to an application for confirmation” (Matter of Silverman [Benmor Coats], 61 NY2d 299, 309; see, CPLR 7511 [b] [1] [iii]). Here the arbitration clause of the policy incorporated by reference the rules of the American Arbitration Association, which in turn provided that the arbitrator “shall render a decision *823 * * * not in excess of the applicable policy limits.” The declarations page produced at the confirmation proceeding demonstrates that the arbitrator’s award was beyond the policy limits and therefore in excess of the arbitrator’s powers (see, Matter of Silverman [Benmor Coats], supra).
Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
Order affirmed, with costs, in a memorandum.