■ Country-Wide Insurance Company, Appellant, v Frank May, Respondent. [723 NYS2d 355] —Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered March 21, 2000, which, *inter alia*, denied petitioner's application pursuant to CPLR article 75 to vacate a master arbitration award entitling respondent to no-fault insurance benefits and dismissed the proceeding, unanimously affirmed, without costs.

Although petitioner maintains that the award at issue was barred by the doctrine of collateral estoppel, even in the case of mandatory arbitration where the scope of review is greater, the courts will not set aside an award where, as here, there is a rational view to support it (*Mount St. Mary's Hosp. v Catherwood*, 26 NY2d 493, 508; *Matter of Commercial Union Ins. Co. v Ewall*, 168 AD2d 247). Accordingly, the master arbitrator's award affirming that of the subordinate arbitrator cannot be set aside as arbitrary and capricious (*see, Matter of Petrofsky [Allstate Ins. Co.]*, 54 NY2d 207). Concur—Sullivan, P. J., Andrias, Ellerin, Rubin and Buckley, JJ.