Nationwide Mutual Insurance Company, Respondent,
against
Geico Casualty, Appellant.



Appeal from an order of the District Court of Nassau County, First District (Michael A. Ciaffa, J.), dated September 18, 2014. The order granted a petition to confirm an arbitration award and denied respondent's "cross motion" to vacate the award.




ORDERED that the order is affirmed, without costs.
Petitioner Nationwide Mutual Insurance Company (Nationwide) and respondent Geico Casualty (Geico) were signatories to an agreement with Arbitration Forums, Inc. (AFI) to arbitrate a claim for property damage which arose out of an April 13, 2013 motor vehicle accident involving a vehicle insured by Geico, which had come into contact with a vehicle owned and operated by Raymond Stanczuk and insured by Nationwide. After the impact, Stanczuk's vehicle hit two parked vehicles, both owned by Edward and Dorothy Paroulek. The Stanczuk vehicle and the Paroulek vehicles sustained property damage as a result of the accident. At the time of the accident, Geico's policy with its insured had a property damage limit of $25,000.
On July 17, 2013, Nationwide filed for inter-company arbitration, seeking $21,837.28. In its response, Geico raised, as an affirmative defense, that it had a low property damage limit. Geico further stated, among its contentions, that Nationwide was aware of the policy's $25,000 property damage limit, that the amount of damage to the three vehicles involved in the accident exceeded the property damage limit in the policy, and "is pending signed releases to issue all parties a pro rata amount for reimbursement." The arbitrator, in a decision published on September 10, 2013, noted that Geico had not submitted a declarations page from the policy to confirm the policy limits, and awarded Nationwide the total sum of $22,337.28 ($21,837.28 plus a $500 deductible).
On May 20, 2014, Nationwide commenced this proceeding, pursuant to CPLR 7510, to confirm the arbitration award (see CPLR 7502 [a]). In its petition to confirm, Nationwide conceded that it had received $17,399.95 from Geico, but stated that it was still owed the remaining unpaid balance of $4,437.33.
Geico opposed Nationwide's petition to confirm the award and "cross-moved" to vacate and set aside the award on the ground that the arbitrator had exceeded her authority (see CPLR 7511 [b] [1] [iii]). In an accompanying affirmation, Geico's senior claims examiner noted that there was a $25,000 property damage limit in the insurance policy which had been issued by Geico, and annexed a copy of the declarations page which had been in effect at the time of the April 13, 2013 accident. The claims examiner further stated that the entire $25,000 had been [*2]exhausted in the following pro rata manner: $17,399.95 to Nationwide as subrogee of Stanczuk for property damage to the Stanczuk vehicle; $729.89 to Stanczuk for loss of use/rental reimbursement; and $6,870.16 to New South Insurance Company as subrogee of the Parouleks for property damage to their vehicles. Negotiated checks which had been issued by Geico on April 14, 2014 were annexed as evidence of Geico's payments.
Geico contended that the arbitrator's award was subject to vacatur because the arbitrator had exceeded her authority by issuing an award which was $4,437.33 in excess of Nationwide's pro rata share, and in excess of the $25,000 policy limits. In support of its contention, Geico cited "Article Second" of the AFI arbitration agreement, which specifically provided that: "[n]o company shall be required, without its written consent, to arbitrate any claim or suit if: . . . any payment which such signatory company may be required to make under this Agreement is or may be in excess of its policy limits." The District Court, in an order dated September 18, 2014, from which Geico appeals, granted Nationwide's petition to confirm the award, and denied Geico's "cross motion" to vacate the award.
CPLR 7511 (b) (1) (iii) provides that an application to vacate an arbitration award by a party who participated in the arbitration may be granted upon the ground that the rights of that party were prejudiced by the arbitrator exceeding his or her power. Furthermore, where the arbitration agreement provides that the arbitrator may not make an award in an amount beyond the policy's limits, an award in excess of those limits is subject to vacatur, pursuant to CPLR 7511 (b) (1) (iii), as an award in excess of the arbitrator's power (see Matter of Brijmohan v State Farm Ins. Co., 92 NY2d 821 [1998]). Geico contends that even if it did not produce sufficient evidentiary support regarding its policy limits (e.g., the declarations page) at the arbitration hearing, "Article Second" of the arbitration agreement is a specific limitation on the arbitrator's power, which Geico may assert in opposition to Nationwide's petition to confirm the arbitrator's award (see e.g. Matter of Silverman [Benmor Coats], 61 NY2d 299, 309 [1984]; see also Matter of Brijmohan v State Farm Ins. Co., 92 NY2d 821).
The provision upon which Geico relies, however, is not a specific limitation on the power and authority of the arbitrator to make an award in excess of the policy's limits. Instead, the provision affords Geico the option to reject arbitration, but Geico did not exercise that option. Consequently, the award should not be vacated on the basis that it was in excess of the limits fixed by the policy and, therefore, exceeded the arbitrator's power (see CPLR 7511 [b] [1] [iii]).
As Geico did not demonstrate any other grounds for vacatur, the order of the District Court is affirmed.
We note that a special proceeding should terminate in a judgment, not an order (see CPLR 411).
Iannacci, J.P., Tolbert and Garguilo, JJ., concur.
Decision Date: November 21, 2016