Matter of Ameriprise Ins. Co. v Kensington Radiology Group, P.C. (2020 NY Slip Op 00500)





Matter of Ameriprise Ins. Co. v Kensington Radiology Group, P.C.


2020 NY Slip Op 00500


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10856 570192/17

[*1] In re Ameriprise Insurance Company, Petitioner-Respondent,
v
Kensington Radiology Group, P.C., as assignee of Zoila McBean, Respondent-Appellant. New York Insurance Association, Inc. and Property Casualty Insurers Association of America, Amici Curiae.


Gary Tsirelman, P.C., Brooklyn (Stefan M. Belinfanti of counsel), for appellant.
Bruno, Gerbino & Soriano, LLP, Melville (Nathan M. Shapiro of counsel), for respondent.
Rivkin Radler, LLP, Uniondale (Barry I Levy of counsel), for amici curiae.



Order, Appellate Term, First Department, entered January 2, 2018, which reversed an order of the Civil Court, New York County (Erika M. Edwards, J.), entered on or about November 30, 2016, denying the petition to vacate a master arbitrator's award and confirming the award, and remanded the matter to Civil Court for a framed issue hearing on whether the policy limit was exhausted before petitioner became obligated to pay respondent's claims, unanimously affirmed, without costs.
Generally, courts will not set aside an award where "there is a rational view to support it" (Country-Wide Ins. Co. v May, 282 AD2d 298, 298 [1st Dept 2001]; see also Matter of Carty v Nationwide Ins. Co., 212 AD2d 462 [1st Dept 1995]). However, in addition to irrationality, an award may be vacated if the arbitrator exceeds his or her power (see CPLR 7511[b][1][iii]). An arbitrator exceeds his/her power if the award is "beyond the policy limits" (Matter of Brijmohan v State Farm Ins. Co., 92 NY2d 821, 823 [1998]; see also e.g. Countrywide Ins. Co. v Sawh, 272 AD2d 245 [1st Dept 2000]).
Respondent contends that its claims were complete before the policy issued by petitioner was exhausted. This argument is unavailing. The Court of Appeals has interpreted the word "claims" in 11 NYCRR 65-3.15 to mean "verified claims" (Nyack Hosp. v General Motors Acceptance Corp., 8 NY3d 294, 300 [2007]), i.e., claims as to which the healthcare provider has submitted additional information requested by the insurer (see id. at 297-298, 300-301). Petitioner requested verification in the form of an examination under oath (EUO). Since respondent never appeared for an EUO, its claims were never verified. The defense that an award exceeds an arbitrator's power is so important that a party may introduce evidence for the first time when the other party tries to confirm the award (see Brijmohan, 92 NY2d at 822-823).
Respondent may also raise on appeal the purely legal argument that Appellate Term lacked the power to remand to Civil Court for a framed issue hearing (see generally Branham v Loews Orpheum Cinemas, Inc., 31 AD3d 319, 323 n 2 [1st Dept 2006], affd 8 NY3d 931 [2007]). On the merits, however, this argument is unavailing (see Allstate Prop. & Cas. Ins. Co. v Northeast Anesthesia & Pain Mgt., 2016 NY Slip Op 50828[U], 51 Misc 3d 149[A] [Appellate Term, 1st Dept, 2016]; Allstate Ins. Co. v DeMoura, 2011 NY Slip Op 50430[U], 30 Misc 3d [*2]145[A] [Appellate Term, 1st Dept, 2011]).
In view of the foregoing, respondent is not entitled to the attorneys' fees it requested.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK