Matter of DTR Country-Wide Ins. Co. v Refill Rx Pharmacy, Inc. (2023 NY Slip Op 00179)

Matter of DTR Country-Wide Ins. Co. v Refill Rx Pharmacy, Inc.

2023 NY Slip Op 00179

Decided on January 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 17, 2023

Before: Kapnick, J.P., Friedman, Kennedy, Mendez, Shulman, JJ. 

Index No. 657013/21 Appeal No. 17120 Case No. 2022-00632 

[*1]In the Matter of DTR Country-Wide Insurance Company, Petitioner-Respondent,
v
Refill Rx Pharmacy, Inc. as Assignee of Kimberly Rosas, Respondent-Appellant.

Gary Tsirelman, P.C., Brooklyn (Gary Tsirelman of counsel), for appellant.
Jaffe & Velazquez, LLP, New York (Thomas Torto of counsel), for respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about February 3, 2022, which granted petitioner Country-Wide Insurance Company's (Country-Wide) petition to vacate a master arbitrator's award, dated September 20, 2021, which affirmed a lower arbitrator's award, dated May 31, 2021, in favor of respondent Refill Rx Pharmacy, Inc, a/a/o Kimberly Rosas (Refill) and against Country-Wide, in the amount of $2,715.48, and denied respondent's cross motion for attorneys' fees, unanimously affirmed, without costs.
Vacatur of the award was warranted under CPLR 7511(b)(1)(iii) as the lower arbitrator exceeded his power by issuing an award exceeding the contractual limit for the subject no-fault coverage policy of $50,000, and the master arbitrator erred in affirming. Once a no-fault insurer "has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease" (Countrywide Ins. Co. v Sawh, 272 AD2d 245 [1st Dept 2000]). An arbitrator's award directing payment beyond the monetary limit of a no-fault insurance policy exceeds the arbitrator's power and constitutes grounds for vacatur of the award (see Matter of Brijmohan v State Farm Ins. Co., 92 NY2d 821, 823 [1998]; see also Matter of Ameriprise Ins. Co. v Kensington Radiology Group, P.C., 179 AD3d 563 [1st Dept 2020]). Country-Wide was not precluded from raising the issue of policy exhaustion before the court, even if it was not before the arbitrators in the underlying arbitration (id. at 564).
Country-Wide submitted an affidavit from its No-Fault Litigation/Arbitration supervisor, attesting that the instant claims file of Refill's assignor, Ms. Rosas, reflects that the policy has been exhausted beyond its $50,000 limit. The affidavit also contains a ledger reflecting the dates that claims by various medical providers were paid, which exhausted Ms. Rosas' policy. Thus, Country-Wide's submissions showed that the policy was properly exhausted prior to the underlying arbitration (see 11 NYCRR 65-3.15).
In view of the foregoing, Refill is not entitled to the attorneys' fees it requested (see 11 NYCRR 65-4.10[j][4]).
We have considered Refill's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 17, 2023